State vs. Watson.

---

No. 10,383.

THE STATE OF LOUISIANA VS. GILES WATSON.

In pleading guilty to an indictment the defendant confesses himself guilty in manner and form, as charged in the indictment, and if the indictment charges no offense against the law none is confessed.

When the indictment charged the defendant with "feloniously" inflicting a wound less than mayhem, and omitted the statutory definition of the offense, held that no judgment could be entered upon the plea of guilty, as the indictment charged no offense against the law. The law, to make the inflicting of the wound an offense, requires that it must be done maliciously and wilfully.

The word feloniously is not equivalent in meaning to "wilfully and maliciously." It has no well defined meaning in American law, but is used in this State to describe more particularly offenses which were felonies at common law, or of offenses of gravity which are declared felonies by statute law.

The offense charged against defendant was not felony at common law, nor has it been made one by statute.

Offenses must be charged in the words of the statute which describe them, or in words which convey the clear meaning of the language used in the statute.

APPEAL from the Thirteenth District Court, Parish of St. Landry. *Lewis*, J.

---

*Walter H. Rogers*, Attorney General, for the State, Appellee.

*Keneth Baillis* for Defendant and Appellant.

The opinion of the Court was delivered by

McEnery, J. The defendant was indicted for feloniously inflicting a wound less than mayhem. The words " wilfully " and "maliciously," in Act 17 of 1888, which are used to describe the offense, were omitted from the indictment.

The defendant pleaded guilty, and thereafter filed a motion in arrest of judgment, the first ground of which is that no judgment could be entered on the plea, as the indictment charged no offense known to the laws of Louisiana.

The State appealed from the judgment sustaining the motion, and alleges that the plea of guilty cured all defects in the indictment, and that the word feloniously was equivalent to the words wilfully and maliciously, found in the statute.

By a plea of guilty the defendant confesses himself guilty in manner and form as charged in the indictment; and if the indictment charges no offense against the law, none is confessed. 1 Wharton, 532.

" Feloniously " is a technical word which was essential in every indictment at common law which charged a felony, which occasioned, on conviction, a forfeiture of lands or goods to which was superadded other punishment.

In American law it has no well defined meaning, but it is used in this State to designate offenses which were declared a felony at common law, or offenses of considerable gravity which are declared a felony by statute.

The offense with which the accused is charged is a statutory offense, and it was not a felony at common law and has not been declared one in the statute.

The use of the word feloniously, in the indictment, was meaningless and surplusage.

The offense charged should have been described in the words of the statute, or in words which convey the clear meaning of the language used in the statute. State vs. Williams, 37 Ann., p. 776.

The plea of guilty, therefore, entered by the defendant, was to a charge of inflicting a wound less than mayhem, not punishable under the law, unless it was done wilfully and maliciously.

In indictments where it is necessary to use " feloniously " to designate the offense as a felony, the omission of the words with " malice aforethought" will not be supplied by the employment of the word " feloniously." 1 Wharton, 399.

It has been held in an indictment for arson, in which the defendants were charged with feloniously setting fire to a barn, that the word "feloniously" did not supply the omission of the word "maliciously." And, also, when a statute makes criminal the doing of an act " wilfully and maliciously," it is not sufficient for the indictment to charge that it was done "feloniously." 1 Wharton, 401.—Note.

We are of the opinion that the word feloniously, used in the indictment, is not an equivalent to, nor is it synonymous with the words wilfully and maliciously, in the Act 17 of 1888, which describes the offense of inflicting a wound less than mayhem, and that the indictment does not charge an offense punishable under the laws of the State, and no judgment could be entered upon the plea of guilty.

Judgment affirmed.