(44 Misc. Rep. 633.)

### PEOPLE v. ZABOR.

(Court of Special Sessions of First Division of City of New York. August,. 1904.)

1. CRIMINAL LAW—COMMITMENT BY MAGISTRATE—RETURN.
    On an arrest without a warrant, where the party arrested is held by a magistrate for trial at the Special Sessions in the city of New York on a charge of a misdemeanor, under Code Cr. Proc. pt. 4, c. 7, § 221, requiring the magistrate to return to the court the warrant, if any, the depositions and the statement of the defendant, it is not necessary that a formal written information or any other pleading in the nature of an indictment shall be filed or returned to the Court of Special Sessions.

2. SAME—DEPOSITION—REDUCTION TO WRITING.
    Under Code Cr. Proc. § 204, subd. 6, a magistrate in the county of New York, who holds a person arrested for trial to the Court of Special Sessions on a charge of misdemeanor, need not reduce to writing deposition taken by him, unless defendant or the district attorney shall so elect.

3. SAME—RETURN—AFFIDAVIT—DEMURRER.
    Where a person is held by a magistrate in the county of New York to the Court of Special Sessions, and the only document returned is an affidavit stating that the charge against him is that he did unlawfully and willfully sell or give away a package of cigars to a male child actually and apparently under the age of 16 years, to wit, of the age of 11 years, in violation of Pen. Code, § 290, a demurrer will not lie to such affidavit because of its disjunctive averments, it being only necessary for the magistrate in such case to return, under Code Cr. Proc. § 221, the depositions and statement of the defendant, if he has made any.

Louis Zabor was held under an information for selling cigars to a minor. Demurrer overruled.

William Travers Jerome, Dist. Atty., for the People.
Charles H. Studin, for defendant.

OLMSTED, J. It is charged that the defendant, on the 21st day of July, 1904, at premises No. 1926 Third avenue, in the county of New York, "did unlawfully and willfully sell or give away one package of cigars known as 'Jack Rose Little Cigars,' to one Edward Gluck,. a male child actually and apparently under the age of sixteen years,.

to wit, of the age of eleven years, in violation of section 290 of the Penal Code of the State of New York." The defendant interposes a demurrer because of the disjunctive averments quoted, alleging that he is charged with no specific offense, and that he is not called upon to plead to the information, and should be discharged. If the information in this case were to be considered a pleading in the same sense that an indictment is a pleading, the demurrer herein would of necessity have to be allowed, and the defendant's prayer for discharge granted. Is it such a pleading? In the opinion of this court it is not. As matter of fact the affidavit containing the disjunctive averments, and to which the defendant demurs, constitutes but a part of the case on which this defendant was held for trial. There may be a question, even, if it has any proper place in the case, unless it may be considered as one of the depositions taken before the magistrate who held the defendant on his examination. That it is hardly such a deposition is evidenced by its form. The Code of Criminal Procedure provides a particular practice by a magistrate in holding a defendant charged with misdemeanor for trial in this Court of Special Sessions. If the defendant has been arrested on a warrant, an information must have been laid before a magistrate charging him with some designated crime (section 145); the magistrate must have examined the informant and prosecutor and any witnesses he may have produced, taking their depositions in writing (section 148); the depositions being sufficient (section 149), and the magistrate being satisfied of the commission of the crime and the guilt of the defendant, he must issue his warrant (section 150); with the arrest and arraignment of the defendant the examination of the case by the magistrate proceeds in conformity with chapter 7 of part 4, taking and authenticating testimony given by a witness as provided therein, and also taking and reducing to writing and authenticating the statement of the defendant, if he shall make one. By the provisions of section 221 of the chapter cited, and by special statute, the magistrate is required to return to this court "the warrant, if any, the depositions, the statement of the defendant, if he have made one, and all undertakings of bail, or for the appearance of witnesses taken by him." If the defendant be arrested without warrant, as in this case, the procedure as to the examination and the return is identical with that in the cases of an arrest with warrant.

It will be noted that section 221 does not require the magistrate to return the original information laid before him. It will be further noted that the provisions of chapter 7, cited, do not require, where an arrest is made without a warrant, as in this case, that there shall be any formal written information. In fact, nothing in the Code requires that the information laid before a magistrate that a crime has been committed, and that the person named is guilty of that crime, shall be in writing. That the information need not be in writing is the undoubted reason that there exists no requirement for its return.

The affidavit in this case, containing the disjunctive averments which the defendant treats as a pleading, and to which he demurs, bears on its face the evidence of being an attempt to lay an information against the defendant, already arrested, charged with a specific crime. It need not have been drafted at all, and there was no necessity under the law

for the magistrate to return it to this court. All that the magistrate
need have done was to have followed the provisions of section 188
et seq., of chapter 7, cited, and, if satisfied that a crime had been com-
mitted, and that there was sufficient cause to believe the defendant
guilty of the crime, to hold him for trial in this court, and to make re-
turn of the depositions, the statement of the defendant, undertakings,
etc., as provided by section 221. It will be seen, therefore, that there
is not necessarily such a thing as a formal pleading in the nature of an
indictment in cases held for trial in this court by the city magistrates.
That which takes the place of the indictment in the case of felony is
the return of the magistrate under the provisions of section 221 of
the Code of Criminal Procedure. Included in this are the warrant, if
there be one, the depositions of the witnesses taken on examination
before the magistrates, and the statement of the defendant, if he has
elected to make one. Of course the undertakings referred to in the
section are required to be returned for another reason, and could be
no part of the pleading, if it is to be dignified by the title. Thus we
have had in this court no pleading in form that bears any close analogy
to an indictment. Papers have been returned to us in cases by the
magistrates which have had a close resemblance to indictment plead-
ings, but, as has been indicated, there was no necessity in law for such
return, unless they may have been considered and treated as depositions
within the meaning of section 221 of the Code of Criminal Procedure.
Having no pleading therefor which is analogous to an indictment,
the practice and procedure applicable to indictments has very little
to do with the practice and procedure affecting charges of misdemeanor
pending in this court. What we would have before us in place of an
indictment, if returns were made to us as required by section 221 of
the Code of Criminal Procedure, would be the depositions of the com-
plainant and witnesses and the statement of the defendant, reciting
certain facts tending to establish or refute charges that the defendant
was guilty of some specific offense, which must, of necessity, be the
crime for which the defendant was held by the magistrate for trial
in this court. If the depositions and statement present sufficient evi-
dentiary facts to spell out the offense charged, the defendant should
be placed on trial.

In may be said in this case—which is the fact—that no depositions
have been returned to us other than the affidavit which has already
been referred to, and that we must determine from that affidavit alone
that the defendant is not charged with a specific crime, and, therefore,
should not be called upon to plead. This contention might be true
were it not for the provision of subdivision 6 of section 204 of the
Code of Criminal Procedure, which exempts the magistrate from re-
ducing testimony taken on an examination before him in writing as a
deposition and authenticating it in the county of New York, excepting
the defendant, the district attorney, or his representative shall so elect.
If the defendant's contention were upheld and the city magistrates
merely made return as required by law whenever they held a defendant
for trial, there would probably be 90 per cent. of the cases in this court
in which the court could assume no jurisdiction because there was
not sufficient and definite cause of action stated. As matter of fact,

the percentage of cases in which no depositions taken on examination are returned by magistrates is much greater than 90 per cent., and the only facts tending to establish the commission of the crime by the defendants in these cases, aside from the action of the magistrates, are to be found in the affidavits, similar to the one in question, which affidavits are not required by law to be returned to this court, and may, therefore, be properly considered as not of the case. If the rule contended for by this defendant were upheld, there would be a failure of justice in the matter of nearly every case of misdemeanor where a defendant was held to answer in this county. It cannot be that our lawmakers contemplated such a result. They intended that criminals should be brought to justice. Nor did they intend that any of the rights of criminals as individuals should be infringed; nor are they infringed with the practice as it exists.

Let us consider the position of this defendant, and see if he has been or is to be prejudiced in any way by a requirement to plead to the charge for which he was held by the magistrate. He was arrested by a peace officer. He was taken before a city magistrate, and there informed of the charge against him, and of all his rights thereunder— the right to counsel, the right to examine the complainant against him, the right to examine all the witnesses produced on behalf of the people, the right to produce witnesses and to make a statement in his own behalf. This afforded him an opportunity to know to the minutest detail with what he was charged and with what evidence the people purposed supporting that charge on the trial. This complaint was not born of a secret inquiry, like an indictment. The defendant does not. have to resort to the single affidavit in this case to ascertain the exact nature of the charge against him. He knows exactly what it is. He can claim no surprise. Even though the affidavit referred to is to be considered as the indictment hereon on which he is charged, he cannot be prejudiced in the slightest degree if it be amended so as to conform to the facts as adduced on the trial.

It might be contended that this court cannot take jurisdiction on a return of this character by a magistrate. Where is the merit in that contention when the magistrate has returned even more than he is required to return by law? The defendant can only be tried on the charge for which the magistrate held him. If any crime was committed, that will be determined on the trial. It cannot be determined on this demurrer.

This case is distinguished from the cases of People v. Pillion, 78 Hun, 74, 29 N. Y. Supp. 267, and People v. Miller, 81 App. Div. 255, 80 N. Y. Supp. 1070, because the practice in this court is peculiar to the city and county of New York, and differs radically from that in the courts wherein these cases were tried. In the Miller Case it was decided that the recorder's court, city of Elmira, had no jurisdiction to try the defendant on a defective complaint. The decision in the Pillion Case was practically to like effect concerning the police court in the city of Albany. Both courts were Courts of Special Sessions for the trial of these particular cases, but the practice in both of them was and is radically different from that in this court. In Courts of Special Sessions outside of the city of New York the

charge against the defendant is required to be distinctly read to him, whereupon he must plead thereto, and, if the trial proceeds, it proceeds on that original complaint. Of necessity, where such practice prevails, the charge must be one of a specific offense against the defendant. If it is not, and the complaint be defective, the court has no jurisdiction to try him thereon. In the Miller Case and in the Pillion Case there was no preliminary examination by a magistrate, as in the case under consideration. All the facts which constituted the crime had not been elicited on examination. The defendants in each of these cases had no means of knowing with what they were charged, excepting as the crime was set forth in the original complaint, to which they were compelled to plead.

In the Court of Special Sessions in the city of New York the defendant is called upon to plead to a criminal charge which has been the subject of judicial inquiry by a competent magistrate after a thorough examination into all the facts, which have satisfied that magistrate that there is sufficient cause to hold him for trial; all his rights being conserved under the law. If he is convinced that any of his rights have been infringed by the action of the magistrate, he has his remedy by writ. Not having availed himself of that remedy, the defendant herein seeks to apply the technical rules of pleading applicable to indictments in his case in this court, notwithstanding that all that is required by statute has been done by the magistrate in the return of this case to give this court jurisdiction. Briefly, then, the situation as to the so-called pleading in this court is this: It consists simply of the return of the magistrate. That return, under the provisions of the law, may consist (no deposition having been taken—Code. Cr. Proc. § 204 —and no docket having been kept by the magistrate—section 220, supra) merely of the certificate of the magistrate that he has held the defendant, the statement of the defendant taken on the examination, if he have made one, and the undertaking of bail, should one have been given. There is nothing in such a return which need include anything in the nature of a pleading, and it may be even devoid of any recital of facts tending to show the commission of a crime or the guilt of the defendant. This court must assume jurisdiction to try a defendant where the magistrate in his return has complied with all legal requirements. The magistrate may even hold a defendant for another crime than the one for which he was arrested and arraigned, and with which he was charged before the magistrate. Code Cr. Proc. § 208. If, then, there is no pleading, where is the application of practice by demurrer? I am of the firm belief that the remedy by demurrer does not lie, and the demurrer herein is disallowed.

Demurrer disallowed.

HINSDALE and WYATT, JJ., concur.