PEOPLE v. REPPIN.

(Court of Special Sessions of First Division of City of New York. April, 1910.)

1. CRIMINAL LAW (§ 157*)—INSTITUTION OF CRIMINAL PROSECUTION—LIMITATIONS.

A criminal prosecution is begun as soon as information is laid before the magistrate, and in case of misdemeanors the jurisdiction of the Court of Special Sessions then attaches and limitations then cease to run.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 282, 283; Dec. Dig. § 157.*]

2. INDICTMENT AND INFORMATION (§ 122*)—NATURE OF INFORMATION.

The information filed by the district attorney does not institute a criminal prosecution, but its filing is merely a step therein, and the magistrate must certify as required by Code Cr. Proc. § 208, that he holds accused to answer for a specific crime, and he must, as required by section 221, return the papers in the case and the Court of Special Sessions must try accused for the offense for which he has been held by the magistrate.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 321–325; Dec. Dig. § 122.*]

3. INDICTMENT AND INFORMATION (§ 122*)—PRELIMINARY COMPLAINT—INFORMATION.

Under Code Cr. Proc. §§ 221, 743, requiring the magistrate to return a statement of the crime charged, and requiring the district attorney to file an information or move for the dismissal of the prosecution, one waiving examination before a magistrate on a charge for violating the motor vehicle speed law may not be informed against for operating a motor vehicle in violation of the law as a second offense, because not accorded his right to an examination as to whether the offense charged is a second offense.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 321–325; Dec. Dig. § 122.*]

4. INDICTMENT AND INFORMATION (§ 119*)—PRELIMINARY COMPLAINT—INFORMATION.

Where one waived examination on a charge for violating a statute without alleging that the violation was a second offense, the allegation in the information alleging the offense as a second offense will, under Code Cr. Proc. § 285, be disregarded as surplusage, and accused will be tried for a first violation of the statute.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 311–314; Dec. Dig. § 119.*]

Walter Reppin was charged, by information filed by the district attorney, with violating the motor vehicle speed law as a second offense. Motion to dismiss information denied, and allegation as to second offense disregarded as surplusage.

Argued before OLMSTED, DEUEL, and ZELLER, JJ.

Xenophon P. Huddy, for defendant.

OLMSTED, J. Defendant herein was arrested by a police officer of the city of New York and arraigned before a city magistrate

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

charged with having on the 15th day of March, 1910, in this juris-
diction, unlawfully operated a motor vehicle along a public highway
at a rate of speed in excess of 25 miles an hour in violation of section
291 of chapter 30 of the Laws of 1909 (Consol. Laws, c. 25). The
papers returned by the magistrate and attached to the information
as required by the statute (sections 221 and 743, Code Cr. Proc.), show
that the defendant waived examination before the magistrate and was
held for trial in this court. Thereafter, on March 18, 1910, the district
attorney of the county of New York filed an information in the ac-
tion thus begun charging the defendant with the crime of "operating
a motor vehicle at a greater rate of speed than is allowed by law as
a second offense." The pleading of the first offense and the convic-
tion therefor is proper in form, and the allegations of fact and law
in the information are sufficient to warrant a conviction for a second
offense if sustained on trial.

It appears from the record that the defendant pleaded not guilty
to this information on March 24, 1910. On being arraigned for trial
on April 12, 1910, he appeared by counsel, was granted leave to
withdraw his plea, and moved for a dismissal of the information in
the action on the ground that he had not been accorded a preliminary
examination before a magistrate on the charge set forth in the infor-
mation; that, not having been charged before the magistrate with un-
lawfully operating a motor vehicle as a "second offense" and the
magistrate not having held him for this aggravated misdemeanor, the
district attorney could, under the statute, only file an information
charging the defendant with the particular misdemeanor which the
magistrate certified he had held him to answer.

This court has already decided (People v. Zabor, 44 Misc. Rep. 633,
90 N. Y. Supp. 412) that "the defendant can only be tried on the
charge for which the magistrate held him." It is true that the Zabor
Case arose under the practice which existed prior to September 1, 1904,
when title 2 of part 5 of the Code of Criminal Procedure of 1903 went
into effect. That title of the Code was drafted by the justices of this
court, and was intended to make provision for a formal and precise
pleading in actions of which the court had jurisdiction, that pleading
to be by information filed by the district attorney. Actions are now
prosecuted on such informations instead of on the often loosely drawn
affidavits by which the magistrate is informed by a police officer or
other complainant that a particular crime has been committed.

It must be remembered that a criminal action is begun as soon as
information is laid before the magistrate, and in the case of misde-
meanors the jurisdiction of this court then attaches, and the statute of
limitations ceases to run. The information of the district attorney,
unlike an indictment, does not initiate the action. Its filing is merely
a step in the prosecution. The magistrate still certifies that he holds
the defendant to answer for a specific crime (section 208, Code Cr.
Proc.), returns the papers in the case to the district attorney (section
221, supra), and this court is supposed to try the defendant for the
offense for which he has been held as before the passage of the Law
of 1904. The certificate of the magistrate in the case at bar states that
the defendant is held to answer, "it appearing to me by the within

depositions that the crime therein mentioned has been committed, and that there is sufficient cause to believe the within-named defendant guilty thereof." Notwithstanding that there is but one offense charged in the papers returned, and that it further appears that the defendant waived examination on this charge, the district attorney files an information alleging a prior conviction and charges the defendant with a more aggravated offense. It is quite apparent from the papers before the court that the defendant had no opportunity to answer this charge that he was a second offender before the magistrate, and it may be that it may have been evolved from a mass of statistical data on file in the office of the district attorney, as defendant alleges in his moving papers. The district attorney does not stand in the same relation to the information which he files as does the Attorney General of England to his. The latter official may file informations for certain misdemeanors where knowledge of their commission is privy to himself. The district attorney in the city of New York, however, has no similar function to perform. He contends in his brief that he is literally following the provisions of section 743 of the Code of Criminal Procedure in that a magistrate held the defendant for two separate offenses, and returned the papers in each case to the district attorney. He makes this claim although there has been a conviction on an information filed by him in the one case and the papers are no longer in his custody for the purpose of pleading. In making it, too, he does not take into consideration the fact that a first conviction in many cases might have been had in some other county of the state. There can be no special rule of law for this case. There has been no identification of the first offender with the defendant.

This court, since its opinion in the Zabor Case, supra, and under the provisions of the existing procedure act, has placed itself on record as to the right of the district attorney to plead in an information the commission of a crime which was not the subject-matter of investigation before a magistrate. In People v. Elias (not reported), the district attorney on December 15, 1908, moved the entry of an order nunc pro tunc, extending the time for filing an information and with his moving papers handed up a draft of an information he proposed to file, provided the order were granted. The prosecution was under section 317 of the Penal Code relative to obscene pictures. The new information was prepared as supplemental to one filed in November, 1907, as to which the district attorney admitted there would be a failure of proof. The court, in a memorandum opinion handed down December 23, 1908, denied the motion, and refused to permit the filing of the information, saying in part:

"It therefore cannot be said that the second picture which is set up in the supplementary information was before the magistrate at any time, or that the action of the magistrate was in any way based upon the possession by the defendant of this particular picture."

The court further asserted the right of the defendant to an examination before the magistrate in regard to his action in the matter alleged against him.

The defendant herein was not accorded his right to an examination before the magistrate as to whether he was the Walter Reppin who

was, on June 3, 1909, convicted for unlawfully operating an automobile in the county of New York, and in that respect a substantial right has been denied him. His case is analogous to that large class of cases where indictments have been set aside or dismissed where found on insufficient or improper evidence presented to a grand jury. Where a substantial right of a defendant has been invaded as in this instance, the remedy by dismissal has been declared in unequivocal language by the Court of Appeals. People v. Glen, 173 N. Y. 395, 66 N. E. 112. Having reached the conclusion that the defendant is entitled to relief, the measure of relief should be considered. The district attorney being without power to file an information against the defendant as a second offense, it follows that the pleading of the so-called first offense, together with the designation of the offense as "second," can be treated as surplusage. Section 285, Code Cr. Proc. Thus treating the information there remains sufficient matter alleged therein to put the defendant to his plea for a violation of the motor vehicle law (Laws 1904, c. 538) as a first offense.

All concur.