PEOPLE v. STREEP.

(Court of Special Sessions of First Division of City of New York.   October,.
1910.)

1. TRADE-MARKS AND TRADE-NAMES (§ 48*)—WRONGFUL USE OF LABEL—OF-
      FENSES.
          Labor Law (Consol. Laws, c. 31) § 16, punishing any person who shall,.
      without authority, use the label adopted by a labor union, or who shall
      counterfeit any such label, or who has in his possession with intent to-
      sell goods on which the counterfeit label is affixed, creates three distinct
      offenses;   the use of a genuine label without authority, counterfeiting a
      label, and knowingly having goods bearing ,the counterfeit label with in--
      tent to sell them.
          [Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent.
      Dig. § 56;   Dec. Dig. § 48.*]

2. TRADE-MARKS AND TRADE-NAMES (§ 48*)—NATURE OF "TRADE-MARK."
          A union label authorized by Labor Law (Consol. Laws, c. 31) §§ 15, 16,.
      authorizing labor unions to adopt a label, and prohibiting the wrongful
      use thereof by·others, is not a trade-mark within Penal Law (Consol.
      Laws, c. 40) §§ 2350, 2354, defining a trade-mark as a mark used to indicate·'
      the maker, owner, or seller of an article of 'merchandise, and punishing·
      the unlawful affixing to an article of the genuine trade-mark of another,
      and one wrongfully using a union label does not ,thereby violate the sec--
      tions of the penal law.
          [Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Dec..
      Dig. § 48.*
          For other definitions, see Words and Phrases, vol. 8, pp. 7042-7048.]

3. INDICTMENT AND INFORMATION (§ 133*)—VARIANCE BETWEEN COMPLAINT·
      AND INFORMATION—EFFECT.
          · The variance between a complaint charging a violation of Labor Law
      (Consol. Laws, c. 31) § 16, by the unlawful use of a label of the "Allied·
      Printing Trades Council of Greater New York" and an information filed·
      by the district attorney averring ownership of the label in the "Interna-
      tional Typographical Union of North America" must be raised and dis-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

posed of at the trial, and not by a preliminary motion attacking the information on the ground that it is based on matters not disclosed in proceedings before the committing magistrate.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 467; Dec. Dig. § 133.*]

-4. INDICTMENT AND INFORMATION (§ 122*)—PRELIMINARY EXAMINATION—INFORMATION.

Where the complaint before the examining magistrate charged accused with violating Labor Law (Consol. Laws, c. 31) § 16, in that he used and counterfeited the label of a labor union, and knowingly had in his possession with intent to sell goods on which the counterfeit label was printed, an information filed by the district attorney alleging a violation by accused of Penal Law (Consol. Laws, c. 40) § 2354, punishing the unlawful affixing to an article of the genuine trade-mark of another will be dismissed because under Cr. Code Proc. §§ 741–748, the charge in the information must either be the identical one stated in the magistrate's complaint or fairly disclosed in the examination before him.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 321–325; Dec. § 122.*]

.5. INDICTMENT AND INFORMATION (§ 122*)—PRELIMINARY EXAMINATION—VARIANCE.

A complaint before the magistrate alleging that accused had violated Labor Law (Consol. Laws, c. 31) § 16, in that he used and counterfeited the label of a labor union, and knowingly kept in his possession, with intent to sell, goods on which the counterfeit label was printed, does not justify an information charging accused with using a genuine label without the authority of the union adopting it, and a count in the information charging such offense will be dismissed.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 321–325; Dec. § 122.*]

Hoyt, J., dissenting in part.

Louis S. Streep was charged with crime by information filed in the Court of Special Sessions by the District Attorney. Counts of information dismissed.

Argued before HOYT, DEUEL, and MAYO, JJ.

Charles S. Whitman, Dist. Atty., and Lloyd P. Stryker, Deputy Asst., for the People.

G. Murray Hulbert, for defendant.

DEUEL, J. The validity of the information is attacked on the ground that it is based on matters not disclosed in the proceedings before the committing magistrate, whereby the defendant was then deprived of his "legal" day in court, and was not afforded an opportunity to meet and combat the actual charge upon which the district attorney insists he shall now be tried. Arrested upon a warrant and brought before the magistrate, as appears from the complaint, he was confronted with the second allegation that he had willfully and unlawfully violated the labor law, in that he "used, counterfeited and imitated the label and mark duly adopted by the Allied Printing Trades Council of Greater New York * * * and knowingly keeping and having in his possession with intent to sell or dispose of certain goods, wares and merchandise, upon which such counterfeit or imitation of said label was printed, stamped or impressed."

The sole provisions of law applicable to the facts charged as a crime and by which the merits of this motion may be tested under title 2, part 5, of the Code of Criminal Procedure, are sections 15 and 16 of the labor law (chapter 31, Consol. Laws).

Section 15 authorizes a union or association of employés to adopt a device in the form of a label, etc., and file it with the Secretary of State, who thereupon issues a certificate of filing.

Section 16, or so much thereof as is now pertinent, reads:

"A person who (1) shall in any way use or display the label, brand, mark, name or other character, adopted by any such union or association as provided in the preceding section without the consent or authority of such union or association; or (2) shall counterfeit or imitate any such label, brand, mark, name or other character, or knowingly sells or disposes of or keeps or has in his possession, with intent to sell or dispose of, any goods, wares, merchandise or other products of labor, upon which any such counterfeit or imitation is attached, affixed, printed, stamped or impressed * * * is guilty of a misdemeanor. * * *"

We have therein the creation of three distinct offenses: (a) Use of the genuine label, etc., without authority; (b) counterfeiting or imitating the label, etc.; (c) knowingly having goods, wares, or merchandise bearing the counterfeit or imitation impress in possession, with intent to dispose of them by sale or otherwise. The complaint before the magistrate discloses only those marked "b" and "c."

The first information contained two counts: One for an unauthorized use of the genuine label; the other, a combination of counterfeiting and having merchandise in possession bearing such counterfeited or imitated device. This was superseded by the present information containing four counts. The first for using the device without the consent or authority of the union, and each of the others, as appears on its face and as stated by the district attorney in his carefully prepared brief, based on the trade-mark provisions of the penal law. He says:

"The second count of the superseding information charges the defendant with the crime of 'unlawfully affixing to an article of merchandise the genuine trade-mark of another without the latter's consent.' Subdivision 2, § 2354, of the Penal Law [Consol. Laws, c. 40]."

In similar language he thus characterizes the third and fourth counts, the former coming under subdivision 5, and the latter under subdivision 4 of the trade-mark section.

The label or brand involved in this action is not a trade-mark as the latter is defined in section 2350 of the penal law:

"Used to indicate the maker, owner, or seller of an article of merchandise * * * lawfully adopted by him and usually affixed to an article of merchandise to denote that the same was * * * prepared by him."

A trade-mark, in effect, is a trade or industrial flag identifying the producer, protecting him from competition with inferiority and shielding the public from trade imposition; it is a specie of property that increases in value by the success, integrity, and enterprise of the owner, and it may be sold and transferred by assignment. The mission of a labor organization's brand or label is confined absolutely to a declaration that the various workmen assisting in manufacturing

or producing the article were members of the specified labor union—"a union or association of employés." Section 15. It is not a badge of integrity, quality, or skill, for that must be sought in the trademark of the producer or seller. It is not even a badge of good workmanship, for its use is open to any industrial pirate, who is more concerned in exchanging his product for dollars than in building up a reputation for square dealing, providing his employés are members of the stated union. It is not conveyable property, for the statute forbids transfer by assignment. Section 15. This last feature, in connection with the record, indicates some transgression in that respect, for the complainant swears that ownership is in the "Allied Printing Trades Council of Greater New York" of which he is the secretary, and the district attorney avers ownership in the "International Typographical Union of North America." The proper time, however, to dispose of this variance is at the trial.

It is to be noted, also, that between the trade-mark law and the labor law the penalties differ; the former prescribes a minimum and maximum fine for the first offense "of not less than fifty dollars nor more than five hundred dollars," while the latter exacts a fine "of not less than one hundred dollars nor more than five hundred dollars" for each offense. The prison penalties likewise differ. All things considered, it necessarily follows that on the face of the pleadings and the district attorney's argument the motion of the defendant as to the second, third, and fourth counts must be granted.

As to the first count, it appears that upon a complaint for counterfeiting and imitating the label or brand, and having articles in possession for selling purposes knowing them to be branded with such counterfeit or imitation—being the two crimes "b" and "c" within the numerical subdivision 2 of section 16 of the statute—the district attorney ignores them entirely, and informs against the defendant under subdivision 1, "Use or display the label, brand, mark, name or other character * * * without" consent or authority. The evidence to sustain a prosecution or to maintain a defense, both in the preliminary examination and at the trial, under subdivision 1 differ very widely from subdivision 2, so widely as to forbid an information by the district attorney under the one if the arrest and holding for trial were predicated on the other. Any other conclusion, in my opinion, would create a precedent tending to great injustice, logically meaning that a charge under one section suffices to sustain an information under any subdivision of that section, however divergent might be the character of the offense and the evidence necessary to maintain or defend the action; it would sustain an information for any of the nearly two dozen prohibitions contained in section 93 of the labor law, if the magistrate's record disclosed any one of them.

This court has consistently held, since the introduction of a carefully prepared information as the trial pleading, that the charge must either be the identical one stated in the magistrate's complaint or fairly disclosed in the examination and proceedings before him. The object of the law (title 2, part 5, Cr. Code Proc.) from the drafts-

man's point of view, at least, was not to take away any of the rights of defendant, nor to add to the jurisdiction of the district attorney, but to prevent a failure of justice through inartistic and loosely drawn complaints. In this respect it has succeeded, for successful demurrers and arrests of judgment immediately dropped from several hundred to about a half dozen a year. A number of decisions have been carefully formulated to define the attitude of the court, the last one being in the case of People v. Reppin, 126 N. Y. Supp. 169. I participated in the case, personally concurred in the opinion of Justice Olmsted, and I still adhere to its doctrine. It largely controls in this case, and with the other reasons herein given. I am of the opinion that the first count, also, must be dismissed.

MAYO, J., concurs.

HOYT, J. I dissent for the following reasons: The second and fourth counts of the information should be dismissed. The complaining affidavit sets forth no facts tending to show that the defendant was guilty either of "the crime of unlawfully affixing to an article of merchandise the genuine trade-mark of another without the latter's consent" or of "the crime of unlawfully having in his possession a die for the purpose of falsely making a trade-mark." We must assume, therefore, that the defendant was not charged with these particular offenses before the magistrate, and that, in consequence, he was not held to answer any such charge before this court.

The motion to dismiss, however, should be denied as to the first and third counts of the information. While the complaining affidavit is obviously lacking in clarity and precision, its allegations are sufficient to establish the presumption that the defendant was duly informed of the nature of the charges brought against him and that he was held by the magistrate upon substantially the same facts as those which are set forth at greater length and in more detail in the first and third counts of the information. It is almost unnecessary to point out that the denial of this motion (in so far as it affects these two counts) upon the face of the papers will not prevent a renewal of the motion during the trial at the close of the People's Case, if it shall appear that the defendant has been forced to meet a state of facts substantially different than those set forth in the complaining affidavit.

We do not consider the fact that the name of the rightful owner of the trade-mark, as set forth in the information, is not the same as that stated in the complaining affidavit to be sufficient to justify the dismissal of the information. It is a variance which can be cured by a motion to amend the information. People v. Herman, 45 Hun, 175.