(71 Misc. Rep. 69.)

### PEOPLE v. FUCHS.

#### (Nassau County Court.    February, 1911.)

1. HIGHWAYS (§ 186*)—MOTOR VEHICLE LAW—INFORMATION—SUFFICIENCY.

   An information for violation of the Motor Vehicle Law (Laws 1910, c. 374) § 287, which states that defendant was driving at a speed exceeding 30 miles an hour without the additional statement that such speed was maintained for a distance of a fourth of a mile, charges no crime.

   [Ed. Note.—For other cases, see Highways, Dec. Dig. § 186.*]

2. CRIMINAL LAW (§ 273*)—INSUFFICIENT INFORMATION—WAIVER OF OBJECTION.

   A plea of guilty is limited to the information; and, if it charges no crime, it does not prevent defendant from raising such objection on appeal.

   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 631; Dec. Dig. § 273.*]

Appeal from Court of Special Sessions.

Andre Fuchs was convicted of a violation of the motor vehicle law, and appeals.    Reversed.

See, also, 129 N. Y. Supp. 1011.

Anthony M. Menkel, for appellant.

Charles N. Wysong, Dist. Atty., for the People.

NIEMANN, J.   This is an appeal from a judgment of conviction rendered against the defendant at a Court of Special Sessions held in the town of North Hempstead, Nassau county, for an alleged violation of the motor vehicle law.   The defendant has raised a number of objections to the validity of the judgment, but it will only be necessary to consider two questions:   First. Is the information sufficient? Second. Did the defendant by his plea of guilty preclude himself from challenging upon this appeal the sufficiency of said information?

[1] 1. The information in this case has the same jurisdictional defect as that pointed out by me in the opinion filed during the present term in the case of People, etc., v. Payne and Webb, 71 Misc. Rep. 72, 129 N. Y. Supp. 1007, namely, that it does not charge any specific violation of the statute (Laws of 1910, c. 374, § 287), either in that the defendant was driving his automobile carelessly and imprudently or at a rate of speed endangering the property or the life or limb of any person.   The mere statement in the information that he was driving at a rate of speed exceeding 30 miles an hour, to wit, at a rate of 35 miles an hour, without the additional statement that such speed was maintained for a distance of a fourth of a mile, is not presumptive evidence of driving at a rate of speed which is not careful and prudent. It follows, therefore, that no crime is charged in the information.

In considering the sufficiency of the information in this case, I have also examined the affidavit or deposition taken upon the information by the justice and find that it does not supply or cure the omissions and defects in the information.   If an affidavit or deposition is full enough to perform the function both of an information and a deposition—i. e., if it contain an allegation that some designated, specific crime has been committed—it would be sufficient to give the court

jurisdiction. People ex rel. Livingston v. Wyatt, 186 N. Y. 383, 390, 395, 79 N. E. 330, 10 L. R. A. (N. S.) 159.

[2] 2. The defendant's plea of guilty cannot affect the disposition of this case. His plea was limited to the offense as charged in the information; i. e., that he exceeded a speed rate of 30 miles an hour. This admission was no stronger than the charge, and in itself constituted no admission of a violation by him of the statute; because it was not coupled with an admission that he maintained said rate of speed for a distance of a fourth of a mile. Neither the information nor the plea thereto established any violation of the statute. As the information did not charge a crime, the court acquired no jurisdiction to hear and determine the case. See cases cited in People v. Payne & Webb, supra; also People ex rel. Sandman v. Tuthill, 79 App. Div. 24, 26, 79 N. Y. Supp. 905; People ex rel. Sampson v. Dunning, 113 App. Div. 35, 41, 98 N. Y. Supp. 1067; Sherwin v. People, 100 N. Y. 351, 355, 364, 3 N. E. 465; People v. Zabor, 44 Misc. Rep. 633, 639, 90 N. Y. Supp. 412; Allen v. Hagan, 170 N. Y. 46, 51, 62 N. E. 1086; People v. Hayes, 66 Misc. Rep. 606, 124 N. Y. Supp. 417. A plea of guilty but admits the truth of the averments. It is an admission of all the facts charged in the indictment and the defendant by such plea but confesses himself guilty in manner and form as charged in the indictment; and, if the indictment charges no offense against the law, none is confessed, and such plea does not prevent defendant from attacking the indictment as charging no offense. Whether facts charged in the indictment constitute an offense is left open to be decided by the court. State v. Watson, 41 La. Ann. 598, 7 South. 125; State v. Walker, 22 La. Ann. 425; Grossman v. Oakland, 30 Or. 478, 41 Pac. 5, 36 L. R. A. 593, 615, 60 Am. St. Rep. 832; Fletcher v. State, 12 Ark. 169; Crow v. State, 6 Tex. 334; State v. Levy, 119 Mo. 434, 24 S. W. 1026; Arbintrode v. State, 67 Ind. 267, 33 Am. Rep. 86; 1 Bishop New Crim. Pro. (4th Ed.) § 795, subd. 2; Wharton, Cr. Pl. & Pr. (9th Ed.) § 413.

A plea of guilty to an indictment is no bar to a motion in arrest of judgment based upon the ground that the facts stated in the indictment do not constitute a crime. Code Cr. Proc. §§ 331, 467; People ex rel. Schneider v. Hayes, 108 App. Div. 6, 8, 95 N. Y. Supp. 471. Indeed, the court may, on its own view of any such defect, arrest the judgment without a motion. Code Cr. Proc. § 348.

A plea of guilty to an information can stand on no higher ground than a plea of guilty to an indictment. There can be no valid judgment rendered upon an information which does not state facts constituting a crime any more than upon an indictment which is open to this objection. In both instances the court acquires no jurisdiction to render a valid judgment. It cannot be contended that the defendant by his plea of guilty has waived the right to insist upon this appeal that the information was insufficient to charge a crime. The fundamental question that the information does not charge any crime can be raised for the first time on appeal; and the court will, in such case, ex mero motu, take notice of such defect. Hughes, Criminal Law & Pr. § 2847. It is provided by section 764 of the Code of Criminal Procedure that, after hearing the appeal, the court must give judgment

without regard to technical errors or defects which have not prejudiced the substantial rights of the defendant, and, if the defect here complained of were a mere technical defect, instead of one that is fundamental and jurisdictional, it would be the duty of the court to disregard it; but it is also provided by said section that the court may, according to the justice of the case, affirm or reverse the judgment in whole or in part, and, in the exercise of this power, the court should not hesitate to reverse a judgment which is wholly unsupported by an information or deposition containing a legal charge against the defendant of any criminal offense. When it is shown that the conviction and sentence are illegal, it is the plain duty of the court to satisfy the requirements of justice by reversing the judgment and relieving the defendant from the penalty imposed thereunder. Sherwin v. People, 100 N. Y. 351, 355, 364, 3 N. E. 465.

It follows, therefore, that the judgment of conviction appealed from should be reversed and the fine of the defendant remitted.

Judgment reversed and fine remitted.