THE PEOPLE ex rel. T. FRANCIS KENNEDY, Relator, v. MICHAEL J. FOLEY, as Mayor of the City of Cohoes, Respondent.

(Supreme Court, Albany Special Term, October, 1918.)

Civil Service Law, § 22 — protection of exempt fireman against removal without cause — municipal corporations.

City of Cohoes — charter of, § 62 — mayor vested with power of removal — order denying permanent writ of prohibition and order granted authorizing mayor to proceed as if alternative writ of prohibition had not issued.

> Section 22 of the Civil Service Law protects an exempt fireman against removal without cause from the office of commissioner of public safety of a municipality.
>
> Under section 62 of the charter of the city of Cohoes the mayor is vested with power to remove from office the commissioner of public safety, and where the written charges made by the mayor against said commissioner, who is an exempt fireman, consist of a recital of acts on his part concerning the propriety and legality of which there may be a difference of opinion, and a hearing of the charges before the mayor may or may not lead to the conclusion that there was misconduct on the part of relator, a permanent writ of prohibition will be denied and an order will be granted authorizing the mayor to proceed as if an alternative writ of prohibition had not issued.

THE relator moves, under an order to show cause, for an order restraining respondent Foley, as mayor, from further proceeding in the matter of charges preferred by him against relator Kennedy as commissioner of public safety of the city of Cohoes.

Walter H. Wertime, for relator Kennedy.

Fellows & McElwain (Isaiah Fellows, of counsel), for respondent Foley.

Rudd, J. The relator is and has been commissioner of public safety of the city of Cohoes since January 4, 1918. On October eighth last, accompanied by a police officer, he took possession, as commissioner of public safety, of certain gambling devices, known as slot machines, and arrested the individuals in whose premises he found the machines.

On October eleventh the mayor made charges in writing against the relator, alleging that the relator's action in connection with the seizing of the gambling devices was " a usurpation of the duties and functions of the chief of police and it proves to me that there is a lack of proper harmony between you and the said chief of police and that this lack of harmony is a serious handicap to the efficiency of the police department in giving protection to the life and property of all citizens."

The mayor further charges the relator with dereliction of duty, and he caused to be served upon him a notice that as mayor he would take evidence under oath of the charges against relator on the afternoon of October 16, 1918.

It appears that subsequently an attorney representing the relator called upon the mayor and advised him that the relator was an exempt fireman and asked the issuance by him of subpoenas which might be served upon witnesses to be called on behalf of the relator, and that the mayor refused such request. The mayor also advised the counsel that the relator would not be privileged at the hearing to be represented by counsel.

Thereupon application was made by the relator for a writ of prohibition running against the mayor of

Cohoes restraining him from further proceeding under the charges filed against the relator. Such a writ was issued in the alternative form, accompanied by an order to show cause why a permanent writ of prohibition should not issue. The order to show cause is returnable at this time.

Upon this hearing the respondent files a return which sets forth an admission by the respondent that the relator is an exempt fireman; respondent further offers to issue all subpoenas which the relator may require, and also states that the relator may be represented by counsel, who will be privileged to examine and cross-examine witnesses.

The relator asks that the writ of prohibition be continued upon the ground that the mayor has acquired no jurisdiction to conduct proceedings against the relator under the charges filed.

The mayor is vested, under section 62 of the charter of the city of Cohoes, with the power of removal of the commissioner of public safety. Section 22 of the Civil Service Law protects the relator as an exempt fireman as against any wrong being done by his removal from office without cause.

The relator can only be removed for incompetency or misconduct.

We are called upon, without expressing any opinion as to whether the acts of the relator justified the action taken by the respondent, to pass upon the question as to whether the charges made by the mayor complied with the provisions of the law, so that jurisdiction is had. If so the writ of prohibition must fall.

The relator contends that the charges preferred show neither incompetency nor misconduct, and that, therefore, the mayor is without jurisdiction, thus justifying the writ of prohibition.

*People ex rel. Sandman* v. *Tuthill,* 79 App. Div. 24,

is called to our attention as an authority sustaining the issuance of a writ of prohibition in a case where the information filed with a justice of the peace is defective in failing to allege a crime. In that case the information did not allege any crime, and because it failed to allege some designated crime it was defective, and the justice, it was held, had no jurisdiction to proceed.

*People ex rel. Wheeler* v. *Cooper,* 57 How. Pr. 416, is also cited. There it was held that in making removals the mayor acts executively but in giving opportunity to be heard and determining the existence of the cause for removal he acts judicially. Such determination is subject to review by the courts.

The writ of prohibition will issue in a proceeding by the mayor to determine whether in the case of a hold-over officer there was cause for removal. The mayor in such situation has no jurisdiction.

That, however, is not the situation here. A hearing upon the charges filed by the mayor against the relator may or may not lead to the conclusion that there was misconduct on the part of the relator. That is for the determination of the mayor in the faithful performance of duty under his oath.

The mayor is both the complainant and the tribunal and he is called upon to exercise his function under the law with a high degree of fairness. Failing in that the law provides a method of review to the end that no injustice shall be done to the relator and that his rights shall be protected.

A writ of prohibition " is not favored by the courts. Necessity alone justifies it. Although authorized by statute it is not issued as a matter of right, but only in the exercise of sound judicial discretion when there is no other remedy. * * *

" It is justified only by ' extreme necessity ' when the grievance cannot ' be redressed by ordinary pro-

ceedings at law, or in equity, or by appeal.' " *People ex rel. Livingston v. Wyatt,* 186 N. Y. 383.

The law has provided a tribunal before which the relator can be heard under the charges made. The charges consist of a recital of acts on the part of the relator concerning which, as to their propriety and legality, there may be a difference of opinion.

As before stated, it is not for this court to determine as to whether such conduct on the part of the relator constitutes either incompetency or misconduct.

The law gives to the relator protection in his rights and against an injustice.

The situation does not call for the issuance by this court of the extraordinary writ.

The motion by the relator is denied.

An order may be entered authorizing the proceeding before the respondent, as mayor of the city of Cohoes, to proceed as if an alternative writ had not been issued.

The order may provide for the payment of fifteen dollars costs by the relator.

Ordered accordingly.