MATTER OF P——C——

In DEPORTATION Proceedings

A-10172681

*Decided by Board June 1, 1960*

Deportability—Section 241(a)(11)—Conviction in New York for possession of narcotics—Nature of drug ascertained from police affidavit and laboratory report.

Conviction in New York for possession of unspecified narcotic drug supports deportability under section 241(a)(11) of act where police officer's affidavit and laboratory report disclose that drug in question was heroin. Under rules of the New York Code of Criminal Procedure police affidavit and laboratory report were part of pleading on which respondent was tried and are considered part of record of conviction.

CHARGE:

Order: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Convicted of illicit possession of narcotic drugs (section 3305, Public Health Law of New York).

BEFORE THE BOARD

**Discussion:** The examining officer appeals from an order entered by the special inquiry officer on January 29, 1960, terminating the above-captioned proceeding. A memorandum of law urging the respondent's deportation has been submitted by the examining officer. No exceptions have been filed by the respondent.

An order to show cause was personally served upon the respondent on January 7, 1960. The order charges in substance that the respondent is a native and citizen of Cuba who last entered the United States through the port of Miami, Florida, on June 24, 1955, and that he was convicted in the Court of Special Sessions of New York City on November 4, 1959, of the crime of unlawfully possessing "a certain narcotic drug."

The deportation hearing was conducted in the respondent's absence pursuant to the authority provided by section 242(b) of the Immigration and Nationality Act (8 U.S.C. 1252(b)). There is evidence of record that due notice of the hearing was served upon the respondent on two occasions and that he failed to appear for the hearing.

670

Alienage and the respondent's conviction of the crime of unlawfully possessing a narcotic drug in violation of section 3305 of the Public Health Law of New York[1] is established by the evidence of record. The information accusing the respondent of unlawfully possessing a narcotic drug does not designate the particular narcotic drug found in the respondent's possession. However, a sworn affidavit executed by the arresting officer, a court report by the same officer and a Police Laboratory Analysis Report establish that the respondent was in possession of "heroin" when he was arrested. The three documents are before us as a part of the court record on file in the clerk's office, Court of Special Sessions, New York County, New York, Docket No. 18272—1959.

The special inquiry officer terminates the proceeding under the rule set forth in the case of *Hoy* v. *Mendoza-Rivera*, 267 F.2d 451 (C.C.A. 9, 1959). The Circuit Court of Appeals ruled in the *Mendoza* case (*supra*) that insofar as marijuana is involved, deportability under section 241(a)(11) of the Immigration and Nationality Act (8 U.S.C. 1251(a)(11)) depends upon a conviction for possession for the purpose of manufacture, production, sale, *etc.*, of the said drug. The special inquiry officer reasons that inasmuch as a specific narcotic drug is not designated either in the New York statute or the information accusing the respondent, we cannot go behind the information and supply the deficiency from supplementary court documents furnished as a part of the court record. The information merely charges that the respondent "unlawfully did possess and have control of a certain narcotic drug."

The examining officer urges that the supporting documents attached to the information are as much a part of the record of the respondent's conviction as is the information filed against him by the District Attorney on September 1, 1959. She maintains that since the affidavit executed by the arresting officer and the supporting laboratory report both specify "heroin" as the drug possessed by the respondent and that since these documents were received by the court prior to the respondent's plea of "guilty," the case is not controlled by the *Mendoza* rule (*supra*) because there is nothing in the record of conviction to show that the drug possessed was found to be marijuana.

The issue before us is whether in this particular case the affidavit and the police laboratory report may be considered in arriving at a determination of the narcotic drug involved in the respondent's conviction. We are of the opinion that certain provisions of the

[1] Section 3305, New York Public Health Law, reads as follows:
"It shall be unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense or compound any narcotic drug, except as authorized in this article."

New York Code of Criminal Procedure governing the prosecution of criminal cases in the City of New York permit the consideration of the documents in question for this purpose. Furthermore, interpretations of these provisions establish to our satisfaction that the affidavit and the laboratory report were before the Court of Special Sessions as a part of the pleading on which the respondent was tried.

Section 742 of the New York Code of Criminal Procedure provides, *inter alia*, "All criminal actions in the Courts of Special Sessions in the City of New York must be prosecuted by information[2] made by the District Attorney, on returns filed pursuant to section 221 (Code of Criminal Procedure) * * * ." Section 221 of the Criminal Code provides in substance, *inter alia*, that whenever a magistrate has held a defendant to answer he must within five days make a return of "the warrant, if any, the depositions, the statement of the defendant, if he has made one, and all undertakings of bail, or for the appearance of witnesses, taken by him." The District Attorney is required to file with the clerk of the Court of Special Sessions in New York City all papers returned to him by the magistrate including "*those upon which informations are based with the informations* * * *" (see section 743(3), New York Code of Criminal Procedure). (Emphasis supplied.)

The issue of whether the returns of a magistrate are a part of the information filed by the District Attorney was before the Court of Special Sessions for New York City in the case of *People v. Reppin*, 126 N.Y.S. 169 (Court of Special Sessions, First Division, New York City, 1910). The defendant, Reppin, when arraigned before a city magistrate was charged as a first offender. Thereafter, the District Attorney for the County of New York filed an information charging the defendant as a second offender. The defendant, Reppin, challenged the sufficiency of the information in a motion to dismiss. The court held that the defendant could only be tried on the charge for which the magistrate held him as shown in the returns of the magistrate and that the pleading of second offender in the information would be considered surplusage.

The court in its opinion said: "The papers returned by the magistrate and *attached to the information as required by statute* (citing sections 221 and 743, Code of Criminal Procedure, New York, *supra*) show that the defendant waived examination before the magistrate and was held for trial in this court (as a first offender) * * *. *A criminal action is begun as soon as information is laid before the magistrate* * * *. The information of the District

---

[2] Section 145 of the New York Code of Criminal Procedure defines an information as "*the allegation made to a magistrate* that a person has been guilty of some designated crime." (Emphasis supplied.)

Attorney unlike an indictment does not initiate the action. Its filing is merely a step in the prosecution. The magistrate * * * certifies that he holds the defendant to answer for a specific crime, *returns the papers in the case to* the District Attorney and this court is supposed to try the defendant for the offense for which he has been held (by the magistrate) * * * *there is but one offense charged in the papers returned."* (Emphasis supplied.)

A variance between the charge set forth in an information filed by the District Attorney of New York City and the returns of a magistrate attached thereto was attacked in the case of *People* v. *Streep*, 126 N.Y.S. 172, Court of Special Sessions, First Division, New York City, 1910. The court in holding for the defendant said: "This court has consistently held, since the introduction of a carefully prepared information as the trial pleading, that the charge must either be the identical one stated in the magistrate's complaint or fairly disclosed in the examination and proceedings before him."

The New York Supreme Court, Appellate Division, held in the case of *People* v. *Ash*, 60 N.Y.S. 436, that appeals from the Courts of Special Session for New York City are governed by specific provisions of the Code of Criminal Procedure (sections 741, 744, 750, 751) and that the record upon which the case is to be heard in the appellate tribunal consists of *"the papers instituting the proceeding* (information and magistrate's return), the judgment of conviction, the evidence upon which it was based, when necessary to present the question sought to be reviewed, * * * the notice of appeal and a proper certificate by the clerk * * *."* (Emphasis supplied.)

The defendant in the case of *People* v. *Schildhaus*, 186 N.Y.S. 2d 68 (Court of Special Sessions, New York City, Appellate Division, 1959), appealed from a judgment of conviction of the Magistrates Court, Borough of Manhattan, Municipal Term, urging, *inter alia*, that the Magistrates Court had no jurisdiction of the subject matter or defendant. The court in holding that the Magistrates Court did acquire jurisdiction of the defendant said: "The warrant on which the defendant was arrested was issued by the magistrate on an information sworn to by Inspector C——, which was complete and served the purpose of an information and deposition. *The information and deposition may be blended in one instrument* * * * it is sufficient if the facts sworn to are adequate." (Emphasis supplied.)

We conclude on the basis of the foregoing statutes and the authority cited that the affidavit and laboratory report attached to the information here under consideration were a part of the pleading on which the respondent was tried. As a part of the pleading before the Court of Special Sessions for New York City it is proper to consider them in arriving at a determination of the narcotic drug involved in the respondent's conviction. Our conclusion in this

regard does not amount to going behind the record of conviction because by statute and interpretation the supporting documents may be considered in this particular instance as a part of the record of conviction.

Our primary concern is with fair and impartial administration of the immigration laws to the end that justice may prevail. Accordingly, if the supporting affidavits attached to the information had averred that marijuana was involved in the respondent's conviction, then he would not be deportable under the rule set forth in the *Mendoza* case (*supra*). Our decision is in line with the Attorney General's opinion in *Matter of L——*, 5 I. & N. Dec. 169, 172, August 11, 1953, wherein he said that "the facts must be examined upon which the violation of law is based" in determining an alien's excludability because of conviction of a law regulating traffic in narcotic drugs.

The appeal of the examining officer will be sustained. An appropriate order will be entered.

**Order:** It is directed that the order entered by the special inquiry officer on January 29, 1960, be and the same is hereby withdrawn.

*It is further ordered* that the alien be deported pursuant to law on the charge stated in the order to show cause.