In the Matter of CAMILLE C. PIERNE, Petitioner, against LEWIS J. VALENTINE, as Police Commissioner of the City of New York et al., Respondents.*

In the Matter of TERENCE J. HARVEY, Petitioner, against LEWIS J. VALENTINE, as Police Commissioner of the City of New York et al., Respondents.

In the Matter of THOMAS F. KEEVAN, Petitioner, against LEWIS J. VALENTINE, as Police Commissioner of the City of New York et al., Respondents.

Supreme Court, Special Term, Kings County, September 8, 1942.

*Sidney Rosenthal* for petitioners.

*William C. Chanler, Corporation Counsel* (*Raymond J. Horowitz* of counsel), for respondents.

---

* Revd. 266 App. Div. 70.

HALLINAN, J. These are three separate applications pursuant to article 78 of the Civil Practice Act. Orders are sought against the Police Commissioner of the city of New York, the Chief Inspector commanding Brooklyn West and Richmond of the Police Department, or any other police official "prohibiting them and each of them from proceeding with the hearing of charges and specifications dated April 17, 1942, filed against * * * " petitioners with the Police Department of the city of New York.

1. Petitioner Pierne filed, on March 16, 1942, an application for retirement to take effect at midnight on said day. Subsequently and on or about April 18, 1942, charges and specifications, dated April 17, 1942, were served upon him by the Police Department charging him with certain dereliction of duty which would subject him to dismissal from the force and a denial of his pension rights.

2. Petitioner Harvey filed, on March 24, 1942, an application for retirement to take effect at midnight on March 25, 1942. Subsequently and on or about April 18, 1942, charges and specifications, dated April 17, 1942, were served upon him by the Police Department charging him with certain dereliction of duty which would subject him to dismissal from the force and a denial of his pension rights.

3. Petitioner Keevan made an application on March 2, 1942, for a medical examination by police surgeons for the purpose of determining his fitness to perform police duties. Such an examination was held, and on March 10, 1942, he was served with a notice, pursuant to subdivision d of section B18-4.0 of the Administrative Code of the City of New York, by the Chief Surgeon of the Police Department notifying him that he was physically incapacitated to perform the full police duties and that his retirement from the police force, because of said disability, would be recommended to the Police Commissioner. Thereafter and on April 18, 1942, and more than thirty days after the issuance of this certificate of disability, petitioner was served with a copy of charges and specifications, dated April 17, 1942, preferred against him by the Police Department, charging him with dereliction of duty and misconduct and notifying him that a public hearing on the aforesaid charges and specifications would be held.

The respondents contend that petitioners have mistaken their remedy; that mandamus rather than prohibition is the proper proceeding to compel retirement and the payment of pensions. The petitioners point out, however, in their reply brief, page 6:

"The primary object of this proceeding is to restrain the Police Commissioner from exceeding his jurisdiction. Whether the Commissioner is acting in excess of his jurisdiction is the issue to be determined here. * * * In any event, proceeding by mandamus would not necessarily be determinative of the question of jurisdiction."

The ultimate question which must be determined is whether the Police Commissioner has been divested of jurisdiction to try the petitioners upon charges, by reason of the fact that they had filed the aforesaid applications for service retirement with the Board of Trustees of the Police Pension Fund.

Inasmuch as the petitioners challenge the Police Commissioner's *jurisdiction* to try them on charges, it is my conclusion that the remedy employed by them is appropriate, but whether or not they prevail depends upon whether the statutes under which the applications were filed are self-executing. Title B of chapter 18 of the Administrative Code of the City of New York (L. 1937, ch. 929), entitled "Police Pension Fund," consists of sections B18-1.0 through B18-55.0, as repealed and re-enacted by section 1 of Local Law No. 2 of City of New York, 1940 (Local Laws, 1940, p. 247), and as added by section 2 of said law. This legislation must be interpreted in its entirety and all sections thereof must be read together. (*Matter of General Reinsurance Corp.* v. *Pink,* 269 N. Y. 347.) Subdivision b of section B18-2.0 provides: "b. Every act of the board of trustees shall be by resolution which shall be adopted only by a vote of at least seven-twelfths of the whole number of votes authorized to be cast by all of the members of such board."

Inasmuch as *"every act"* of the board of trustees requires the adoption of a resolution, I am of the opinion that the mere filing of the applications for retirement does not deprive the Police Commissioner of jurisdiction to try the petitioners upon charges, it appearing affirmatively that resolutions to retire them failed of adoption. (Cf. *Matter of McMeekan* v. *Department of Health,* 157 Misc. Rep. 620; affd., 249 App. Div. 609; affd., 274 N. Y. 521.)

Consequently the applications herein made for orders in the nature of prohibition are in all respects denied without prejudice to any other proceedings which petitioners may be advised to institute to compel retirement and the payment of pensions. However, since the question here presented is of first impression, a stay is granted to the petitioners pending appeal to the Appellate Division.