RAYMOND MAZARREDO, Plaintiff, *v.* JACK LEVINE et al., Defendants.

Supreme Court, Special Term, New York County, January 12, 1948.

*Hamerman & Caminez* for Jack Levine, defendant.

*Irving Jacobson* for plaintiff.

*Bernard Katzen* for Davega-City Radios, Inc., defendant.

PECORA, J. In a companion motion made by the corporate defendant for summary judgment, the application was denied on the ground that a common-law action may be maintained against an employer for an intentional injury inflicted upon an employee. (190 Misc. 953.) The alleged assault here was committed by a manager of a store and it is alleged that said manager was acting within the scope of his authority. Upon the instant motion, the individual defendant moves for summary judgment dismissing the complaint upon the ground that since the employer carried workmen's compensation insurance, plaintiff's exclusive remedy is under the Workmen's Compensation Act. Subdivision 6 of section 29 of that act provides: " The right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee * * * when such employee is injured * * * by the negligence or wrong of another in the same employ." In *Mittman* v. *Meyerson* (19 N. Y. S. 2d 575 [N. Y. City Court]) it was held that an employee could not maintain a common-law action against a coemployee for an assault, but he was required to resort to the exclusive remedy provided under the Workmen's Compensation Law. That case interpreted the word " wrong " in subdivision 6 of section 29 of the Workmen's Compensation Law to include an intentional assault. The only case cited in *Mittman* v. *Meyerson* (*supra*) in support of the learned court's decision was *Abbondondolo* v. *Mealing* (249 App. Div. 818). But that case, and *Behan* v. *Maleady* (249 App. Div. 912) decided by the Third Department at about the same time, involved solely injuries resulting from the negligence of the coemployee.

This court reluctantly finds itself unable to agree with the decision reached in the *Mittman* case. The conclusion arrived at herein is that the Legislature did not intend the word " wrong " to include an intentional injury when it amended section 29 following the decision in *Judson* v. *Fielding* (227 App. Div. 430, affd. 253 N. Y. 596) which held a coemployee liable for injury due to negligence.

There is no valid reason for distinguishing between a coemployee and an employer in determining liability under the common law for a willful assault. If workmen's compensation

is not the exclusive remedy against one it should not be against the other, unless the Legislature speaks unequivocally upon that subject.

The request of the individual defendant to amend the answer is granted. The motion for summary judgment, based upon such answer, as amended, is denied.