RAYMOND MAZARREDO, Plaintiff, *v.* JACK LEVINE et al., Defendants.*

Supreme Court, Special Term, New York County, January 12, 1948.

*Bernard Katzen* for Davega-City Radios, Inc., defendant.

*Irving Jacobson* for plaintiff.

*Hamerman & Caminez* for Jack Levine, defendant.

PECORA, J. On this motion by the corporate defendant for summary judgment dismissing the complaint there is presented the question of the right of an employee to sue his employer at common law for damages resulting from an intentional injury inflicted by a manager of defendant's store, while acting within the scope of his authority. Defendant asserts that since it has obtained workmen's compensation insurance, and the alleged assault was committed by a fellow employee, then under subdivision 6 of section 29 of the Workmen's Compensation Law, plaintiff's right to compensation is the exclusive remedy of the employee.

The rule now obtaining in most States is that an assault by a fellow employee or outsider is a risk of modern employment,

---

* See, also, *Mazarredo* v. *Levine,* 190 Misc. 951.—[REP.

and since the assault arises out of the employment and is an incident thereof, it is compensable under the Workmen's Compensation Law (*Matter of Collins* v. *Arobol Mfg. Co.*, 269 App. Div. 915; *Matter of Katz* v. *Reissman Rothman Corp.*, 261 App. Div. 862; *McLaughlin* v. *Thompson, Boland & Lee*, 72 Ga. App. 564; *Inland Steel Co.* v. *Flannery*, 88 Ind. App. 347; *Earley Stratton Co.* v. *Rollison*, 156 Tenn. 256).

However, where an employer inflicts the intentional injury upon his employee, the injured person may sue at common law for damages or accept the benefits under Workmen's Compensation. (*De Coigne* v. *Ludlum Steel Co.*, 251 App. Div. 662; *La Pochat* v. *Pendleton*, 187 Misc. 296; *Boek* v. *Wong Hing*, 180 Minn. 470; *Castleberry* v. *Frost-Johnson Lumber Co.*, 283 S. W. 141 [Tex. App.]; *Stewart* v. *McLellan's Stores Co.*, 194 S. C. 50; *Rumbolo* v. *Erb*, 19 N. J. Misc. 311.)

The complaint here alleges that the individual defendant was the manager of defendant's store and that when said defendant assaulted plaintiff he did so acting in the scope of his authority as manager of the store. A principal is liable for the tort committed by an agent acting within the scope of the agency (*Palmeri* v. *Manhattan Ry. Co.*, 133 N. Y. 261; *Corrigan* v. *Bobbs-Merrill Co.*, 228 N. Y. 58; *Downey* v. *Finucane*, 205 N. Y. 251; *Busch* v. *Interborough Rapid Transit Co.*, 187 N. Y. 388). Since an employer would be liable at common law for an intentional injury to an employee, and workmen's compensation would not be the exclusive remedy, the employer would be equally liable if the assault were committed by a manager of the employer acting within the scope of his authority. In *Stewart* v. *McLellan's Stores Co.* (*supra*), the defendant was a corporation, and the assault was committed by a manager of the store. If upon the trial plaintiff cannot prove his allegation as to acting within the scope of authority, then defendant's defense of the Workmen's Compensation Law would defeat recovery. However, in the present state of the pleadings, the court may not disregard that allegation, which if proven will entitle plaintiff to his choice of the common-law remedy. The motion for summary judgment is denied.