In the Matter of JAMES J. KANEY et al., Petitioners, against NEW YORK STATE CIVIL SERVICE COMMISSION et al., Respondents.

Supreme Court, Special Term, Erie County, February 13, 1948.

*Nathaniel L. Goldstein, Attorney-General (Emil L. Cohen* of counsel), for respondents.

*Leonard N. Lakser* for petitioners.

HALPERN, J. This is a proceeding under article 78 of the Civil Practice Act in the nature of prohibition, in which the petitioners seek an order prohibiting the New York State Civil Service Commission " from taking any proceeding to cancel the examination taken by petitioners and the eligible list upon which petitioners were placed, and the appointments of these petitioners to the position of fire fighter of the fire department of the City of Lackawanna."

It is alleged in the amended petition that the petitioners took and successfully passed an examination held on or about September 27, 1946, for the position of fire fighter in the fire department of the City of Lackawanna and that the petitioners were placed on the eligible list established by the Lackawanna Civil Service Commission as a result of such examination and were duly certified for appointment. It is alleged that a majority of the petitioners were appointed prior to April 14, 1947.

It further appears from the petition that a preliminary investigation was conducted by the New York State Civil Service Commission during the months of July and August, 1947, and that, as a result of such investigation the State Civil Service Commission decided to prefer charges against the Lackawanna Municipal Civil Service Commission and to seek a rescission of the examination and the eligible list and the cancellation of all appointments made therefrom.

The petitioners challenge the proceeding pending before the State Civil Service Commission upon the following grounds: (1) they charge that the State commission has " prejudged " the case and has determined to rescind the examination and to cancel the appointments regardless of the proof upon the hearing; (2) the petitioners charge that the statute under which the State commission instituted the proceeding is unconstitutional

and (3) the petitioners contend that the proceeding is invalid because they have not been given any notice of the hearing and have not been made parties to the proceeding.

The Attorney-General has not answered the petition but has interposed a notice of motion asking the dismissal of the petition upon the ground that it is insufficient in law on its face.

(1) The charge of prejudgment by the State Civil Service Commission may be readily disposed of. First of all, the charge is stated as a bare conclusion, which is in direct conflict with the factual allegations of the petition and with the exhibits submitted therewith. While it is alleged in paragraph 25 of the petition that the State Civil Service Commission has prejudged the case, it appears from paragraph 26 of the petition that the matter has not yet been decided but has been set down for hearing by the commission. The notices of hearing which were submitted with the petition upon the oral argument and incorporated therein by stipulation show that no determination has yet been made but that the commission proposes to take appropriate action in the event that the charges therein set forth are sustained. The factual situation shown by the exhibits prevails over any conflicting allegations in the petition (*Kobert* v. *National Machinery Co.*, 258 N. Y. 586). The petition is replete with charges of misconduct on the part of employees of the State commission but there is no factual allegation which would support an inference that the members of the commission are biased or prejudiced or that they will not decide the matters in controversy fairly and impartially.

The commission is not disqualified by reason of its preliminary investigation. The statute vests in the State Civil Service Commission the power and the duty to supervise and review the work of municipal commissions and it necessarily contemplates that the commission will conduct such preliminary ex parte investigations as it may deem proper. Before taking final action, the State commission must give the local commission an opportunity " to make a personal explanation and to file papers in opposition " to the action proposed to be taken but the statute does not require that a judicial or quasi-judicial hearing precede the State commission's action. The function of the State commission is predominantly legislative or executive rather than judicial in character.

In any event, no charge of disqualification may be entertained in this case. It is well settled that where the Legislature vests in a particular officer or administrative agency the sole power of investigation and decision, the Legislature's purpose cannot

be defeated by disqualification of the designated officer or agency on the ground of alleged prejudgment or bias.

"None the less, when the statute clearly requires the hearing to be held before a designated administrative officer, and no other officer can hold the hearing, then the language of the statute may not be disregarded, nor the legislative intent defeated by holding that the officer is disqualified. (*People ex rel. Hayes* v. *Waldo, supra* [212 N. Y. 156])." (*Sharkey* v. *Thurston,* 268 N. Y. 123, 128.)

(2) We take up next the petitioners' attack upon the validity of the statute under which the State Civil Service Commission has instituted its proceeding.

Subdivision 7 of section 11 of the Civil Service Law as amended by chapter 435 of the Laws of 1944 reads as follows: "Said state commission may at any time, by unanimous vote of the three commissioners, amend or rescind any rule, regulation or classification prescribed under the provisions of this section *or rescind any examination or eligible list or cancel an appointment already made from a list so rescinded,* provided that said state commission shall state the reasons for such action in writing and file the same and a certified transcript thereof as a public document as hereinbefore provided, and give an opportunity to the municipal civil service commissioners concerned to make a personal explanation and to file papers in opposition to such action. The said state commission, however, shall not take such action upon any ground other than that the provisions or purposes of this chapter are not properly or sufficiently carried out, nor without specifying in writing and detail in what particular such provisions or purposes are not carried out, nor shall said state commission exempt from competitive examination any position or place or employment in any city without the consent of the municipal commission of such city." The italicized matter was inserted in the subdivision by the 1944 amendment.

Prior to the amendment, there was no provision authorizing the State Civil Service Commission to invalidate examinations given by municipal commissions or to cancel eligible lists established as a result thereof. Furthermore, the power of a municipal commission or of the State commission to reconsider examinations which it had itself given and to revoke or rescind eligible lists established thereby was strictly limited (*People ex rel. Finnegan* v. *McBride,* 226 N. Y. 252; *Matter of Wolff* v. *Hodson,* 285 N. Y. 197).

"The Commission may not thereafter refuse to recognize an appointment made from its own eligible list merely because it erred in its determination of matters which it alone had power and jurisdiction to determine. * * * this court has decided that the Civil Service Commission has no inherent authority to correct its own error in determining eligibility to take an examination or in rating those who passed the examination, after an applicant has been appointed from an eligible list prepared by the Commission." (*Matter of Wolff* v. *Hodson, supra,* pp. 202, 203-204.)

The commission may, however, rescind an examination or an eligible list even after an appointment has been made therefrom, on the ground of fraud or material misstatement of fact (*Matter of Wolff* v. *Hodson, supra; Matter of Shraeder* v. *Kern,* 287 N. Y. 13; *Matter of Marinick* v. *Valentine,* 263 App. Div. 564, affd. 289 N. Y. 780).

Under the 1944 amendment, the State Civil Service Commission has the power to rescind an eligible list established by a municipal commission not only on the ground of fraud or material misstatement but also on the ground that "the provisions or purposes of this chapter [Civil Service Law] are not properly or sufficiently carried out." This would seem to embrace the power to rescind the list and cancel appointments upon the ground that the examination given for the position was not sufficiently practical in character and did not fairly test the relative capacity and fitness of the persons examined to discharge the duties of the position (Civil Service Law, §14).

The charges served upon the municipal commission in this case indicate that the State commission intends to inquire, so far as here relevant, into three matters: (1) whether the examinations were practical in character and complied with the standard established by section 14 of the Civil Service Law; (2) whether the questions and answers were made known to certain candidates in advance of the examination, and (3) whether the oral examination was so poorly conducted that many of the candidates knew in advance the questions which were to be asked. The second and third subjects of the inquiry may involve charges of fraud or collusion; the first subject involves only the technical question of the propriety or appropriateness of the type of examination given.

The invalidation of an examination and of appointments made as a result thereof, on technical grounds, long after the event seems to be a far-reaching innovation in civil service procedure but the wisdom of the statute is for the Legislature, and not the courts, to decide.

The petitioners attack the 1944 amendment upon the ground that it invades the home rule provisions of the Constitution (art. IX, § 12) and that it is an improper delegation of legislative power to an administrative agency. Neither ground seems to me to be meritorious. The maintenance and protection of the merit system in civil service is a matter of State concern and appropriate powers may be vested in the State commission in that regard by general law without invading the province of local government. The standard of the commission's action is sufficiently set forth in the statute so that no valid objection can be made that the Legislature has granted unfettered discretionary power to the commission (*American Power & Light Co.* v. *Securities & Exchange Commission,* 329 U. S. 90).

(3) The petitioners complain that they have not been given any notice of the proposed hearing and that they have not been made parties to the proceeding instituted by the State Civil Service Commission. The statute does not provide for notice to anyone other than the local commission. The function of the notice is merely to give the local commission an opportunity to make an explanation before the State commission takes action. The hearing is only a part of the administrative process within the Civil Service Department. The petitioners have no right to an administrative hearing in the absence of a provision therefor in the statute. However, if the State commission issues an order canceling their appointment, they may seek relief in the courts and if the order is found to be illegal, arbitrary or capricious, it will be annulled. The petitioners may bring a proceeding under article 78 of the Civil Practice Act in the nature of mandamus when and if an order is issued by the State commission affecting them (*Matter of Pape* v. *Kern,* 263 App. Div. 557).

The petitioners invoke section 22 of the Civil Service Law, pointing out that they are veterans and that under that section they are protected against removal "except for incompetency or misconduct shown after a hearing upon due notice upon stated charges". Section 22 is wholly inapplicable in this case. The question before the State commission is not whether the appointees should be removed because of subsequent misconduct but the question is whether they were legally appointed in the first instance and whether the eligible list from which they were appointed should be rescinded and the appointments cancelled *ab initio*. The protection against removal under section 22 attaches only after it is established that the veteran was lawfully appointed in the first place (*Matter of Ferdinand* v. *Moses,* 26 N. Y. S. 2d 382, affd. 262 App. Div. 1001).

In any event, the petitioners do not have any standing to maintain a prohibition proceeding to enjoin the proceeding now pending before the State commission. The petitioners have no standing to seek an order prohibiting the State commission from giving the municipal commission an opportunity to make an explanation as to the matters in controversy. It should be noted that the local commission has not sought an order of prohibition against the State commission. It should also be noted that the hearing will embrace many matters other than the examination in which the petitioners are interested. The State commission has broad investigatory power under the statute and no ground has been shown for restraining it from exercising such power.

A prohibition proceeding will lie only to enjoin a judicial or quasi-judicial proceeding. Concededly, the State commission has not instituted any quasi-judicial proceeding to which the petitioners are parties or by which they can be bound. At the conclusion of the investigation, the State commission may issue an order affecting the petitioners but such an order will be a purely administrative act, the validity of which will be open to independent attack by the petitioners (*People ex rel. Bd. of Education* v. *Finley,* 211 N. Y. 51, 60). The petitioners will have the right to challenge the order by a proceeding in the nature of mandamus under article 78. This is an adequate remedy by which the rights of the petititioners may be fully protected.

For the foregoing reasons the petition should be dismissed.