Fred J. Murder, J.
This is a proceeding under article 78 of the Civil Practice Act in the nature of prohibition, in which the petitioners seek an order restraining the New York State Civil Service Commission (hereinafter referred to as the Commission), from prosecuting a proceeding to rescind the petitioners’ eligibility and appointment to the positions they now hold in the Police Department of Suffolk County, on the ground that the Commission, in exercising a judicial or quasi-judicial function, is acting in excess of its jurisdiction. The respondents are proceeding under section 25 of the Civil Service Law pursuant to notice on the ground that a fraud was perpetrated in connection with the petitioners’ qualifying on promotional examination papers. The respondents now move under section 1293 of the Civil Practice Act to dismiss the petition on the grounds (1) that it fails to state facts sufficient to entitle the petitioners to the relief prayed for or any part thereof; (2) that a proceeding under article 78 is not available to review a determination where it does not finally determine the rights of the parties with respect to the matter to be reviewed; and (3) that the petitioners, with the exception of John L. Robertson, did not verify the petition as required by section 1288 of the Civil Practice Act.
Objections (1) and (3) may be simply disposed of. Though set forth in the notice of motion, objection (!)■ was not pressed on the argument of this motion nor alluded to in the briefs submitted in support thereof, and hence may be deemed abandoned. The petition is sufficient on its face. As to objection (3), section 1288 of the Civil Practice Act requires that a petition in an article 78 proceeding be “ verified as in an action ”. Rule 99 of the Rules of Civil Practice provides that where there is a unity of interest a pleading need be verified by only one of the parties to the action.
The adoption of article 78 of the Civil Practice Act did not abolish the remedies provided by the writs of certiorari to review, mandamus and prohibition. Its intended purpose and effect was the simplification and unification of procedure. The remedy of prohibition still exists in a proper case. Ordinarily it will not lie to prevent a disciplinary proceeding by an administrative body. (Matter of Kaney v. New York State Civ. Serv. *17 Comm., 190 Misc. 944, affd. 273 App. Div. 1054, affd. 298 N. Y. 707.) However, if it be determined that the Commission herein is exercising a judicial or quasi-judicial function and, in so doing, is acting in excess of its jurisdiction, prohibition is the appropriate remedy. (See Matter of Pierne v. Valentine, 179 Misc. 114, revd. 266 App. Div. 70, affd. 291 N. Y. 333.)
The Civil Service Law now provides that the respondents shall give to 1 ‘ the person aggrieved * * * a reasonable opportunity to present facts in opposition to such action ” (§ 25, subd. 2), and that “No person shall be disqualified * * # unless he has been given a written statement of the reasons therefor and afforded an opportunity to make an explanation and to submit facts in opposition to such disqualification ” (§ 50, subd. 4). Upon the charges and the facts and arguments submitted in opposition thereto the Commission is required to make a final determination which I consider to be quasi-judicial in character. The primary purpose of this proceeding is to prevent the Commission from exceeding its jurisdiction in exercising that quasi-judicial function. If the petitioners here are charged with no wrongdoing the Commission would have no jurisdiction to proceed. (See People ex rel. Sandman v. Tuthill, 79 App. Div. 24.)
On the face of the notices served on the petitioners it appears that*no fraud was perpetrated by the petitioners themselves, nor are they charged with participating in any committed by another. Regardless of whether their passing of the examinations resulted only because of another’s fraud the petitioners may not be removed. Punishment for a fraudulent or sham examination may not be visited on innocent appointees. (Matter of Ebling v. New York State Civ. Serv. Comm., 305 N. Y. 221.) In view of these facts and the fact that the petitioners might suffer irreparable harm if they are compelled to defend themselves against the charges if, as a matter of law, they cannot be held to answer them, I find the remedy herein sought a proper method of challenging in advance the jurisdiction of the Commission to proceed.
The motion to dismiss the petition is accordingly denied, and the respondents are given leave to answer within 20 days after service upon their attorney of a copy of the order to be entered hereon with notice of entry.