Charles M. Hughes, J.
The above-entitled proceedings were commenced by the petitioners by the service of a petition and an order to show cause upon the respondents, constituting the New York State Department of Civil Service, on the grounds that the respondents acted without authority by proceeding under the present section 25 of the Civil Service Law.
The petition and the answer of the respondents reveal that in December of 1958 the New York State Civil Service Commission, pursuant to subdivision 7 of section 11 of the Civil Service Law then in effect, commenced a proceeding against the *1023 local commission for the rescission of the five examinations and the eligibility list resulting therefrom and all appointments made from such lists. The former law, subdivision 7 of section 11, did not authorize the rescission of any individual appointment without a prior rescission of the examination and the entire eligibility list established thereby. The proceedings against the local Civil Service Commission were discontinued on May 13, 1959.
Subsequent to the passage of the new Civil Service Law which became effective on April 1,1959, the respondents commenced a new proceeding on or about the 20th day of May, 1959 against the petitioners, individually. The proceeding was brought pursuant to subdivision 2 of section 25 of the new Civil Service Law. Subdivision 1 of this section provides, in part, as follows:
“ The state civil service commission may, by unanimous vote of the three members * * *
“(c) remove from any eligible list established by a municipal commission the name of any person thereon ”.
The proceedings which each individual petitioner seeks to set aside and have dismissed on this application was started in each case by the service of a notice stating that the respondents propose to rescind the eligibility and/or appointment of petitioners on the ground that the provisions and purposes of the Civil Service Law were not properly or sufficiently carried out with respect to an examination taken by the petitioners. The notice, in effect, stated that examination answers were changed subsequent to the taking of the examination. There is no allegation of fraud, illegality or wrongdoing on the part of the petitioners. These notices, after describing with particularity the alterations which had been made in the examination answer papers of each petitioner, stated, as follows: “ The foregoing indicates that this candidate’s test paper was illegally altered after the examination.”
All the petitioners are now holding positions as the result of appointment from the eligibility list. All the examinations were given by the Schenectady County Civil Service Commission on September 11, 1954, and the eligibility lists were not established until two years or more later. It is the contention of the petitioners that the respondents have no authority to proceed pursuant to subdivision 2 of section 25 of the Civil Service Law, which became effective on April 1, 1959, and that the respondents are limited to former subdivision 7 of section 11 of the Civil Service Law, which was in effect at the *1024 time the petitioners took their- examinations and the eligibility-list was established.
It is the petitioners’ contention that the prior law gave them certain established rights and that they could not be deprived of the same by the retrospective application of section 25. This contention is based upon section 185 of the New York State Civil Service Law entitled 11 Saving clause ’ which provides as follows: “1. Nothing contained in this act shall affect or impair any act done or right accruing, accrued or acquired prior to the time when this act shall take effect, under or by virtue of the provisions of the civil service law as in force immediately prior to the time this act shall take effect, but the same may be asserted and enforced as fully and to the same extent as if this act had not been enacted. This act shall not affect pending actions or proceedings, but the same may be prosecuted or defended in the same manner and with the same effect as though this act had not been enacted.”
It is a general rule of statutory construction that statutes are prospective in their application and operation. There is, however, an exception to this rule where the statute merely provides a new form of remedy or procedure. A statute will not be applied retrospectively where it would, in effect, deprive one of a substantive right. Here the petitioners are all presently employed and their continued right to civil service protection and employment constitutes a substantive right. The Legislature in enacting the new Civil Service Law did not give the commission authority or power to remove civil service appointees where there is no wrongdoing charged against them. The commission has authority to proceed only against those who are responsible or charged with wrongdoing. (See People ex rel. Sandman v. Tuthill, 79 App. Div. 24.)
The notices served on the petitioners do not allege any wrongdoing or fraud by the petitioners themselves, nor are they charged with participating in any fraud committed by another. The petitioners should not be subjected to defend themselves against charges that, as a matter of law, they cannot be held responsible for or legally accountable. If the commission were permitted to bring such proceedings against innocent civil service appointees, the protection afforded to civil service employees would be a mere mockery. (See Matter of Ebling v. New York State Civil Serv. Comm., 305 N. Y. 221 ; Matter of Pape v. Kern, 176 Misc. 36.) Accordingly, the petitioners’ application to restrain the respondents is hereby granted.