Bussell Gr. Hunt, J.
These are article 78 (Civ. Prac. Act) proceedings to restrain the State Civil Service Commission from proceeding with its intention to rescind, pursuant to section 25 of the Civil Service Law, the petitioners ’ eligibilities and appointments to the positions they now hold in the City of Albany Police Department, on the ground that the commission is acting in excess of its jurisdiction.
The petitioners’ appointments arose out of examinations conducted by the City Civil Service Commission on June 25, 1955 and October 22, 1955 and in which they, with many others, participated. Following the examinations, eligibility lists were established, and, included, were these petitioners. Of all those on the lists (aggregating 110) only these 8 petitioners were proceeded against in 1961 by the State commission.
In 1956 a representative of the State commission inspected the records of the city commission, including those relating to the examinations referred to, and, in addition, reviewed the roster of appointments and obtained copies of the examination papers. In January, 1957 the city commission made an annual report to the State commission and therein set forth the details of the examinations and of the appointments made. It was not until June 16, 1959, that the State commission requested and obtained all examination papers for the period from June 25, 1955, to June 15,1959, and took them from the city commission’s offices and out of the latter’s hands. Thereafter, sole integrity of the papers and records was in the hands of the State commission and its employees and others to whom the same are said to have been entrusted by the State commission. Subsequently, and on March 1 and 2 and April 19,1960, hearings were held by the State commission pursuant to subdivision 3 of section 6 of the Civil Service Law. The State commission called the hearings “fact finding investigations ”.
At the hearings, the petitioners were placed under oath and examined by two experienced investigators working in concert *1088 and who attempted to intimidate, amongst other things, by threatening to exclude petitioners’ counsel from the hearing room, a so-called “oral room ” with one-way mirrors along two walls which were for the purpose of the secret observance of unaware witnesses without the possibility of disclosure of the presence and identity of the viewers and their purposes.
Thereafter, and under date of April 14, 1961 the State commission notified each petitioner that it proposed ‘ ‘ to rescind the eligibility and/or appointment of ” such petitioner upon grounds other than fraud. Presumably, this determination in each case was the result of findings of fact and conclusions of law.
The State commission’s answer in each case places in issue the material allegations in each petition.
The State commission contends that it is not subject to restraint in its intended course of action, and relies upon Matter of Kaney v. New York State Civ. Serv. Comm. (190 Misc. 944, affd. 273 App. Div. 1054, affd. 298 N. Y. 707). The facts in that case, however, are not like the facts herein, and, consequently, what was decided therein is not applicable. It is doctrine that the law follows the facts (Amoruso v. New York City Tr. Auth., 12 A D 2d 11 ; Wormser, Disregard of the Corporate Fiction, pp. 10-11). In the Kaney case, the official report shows that the State commission’s intended action, which was sought to be restrained by the petitioners therein, was the calling of a hearing to consider charges with respect to' a municipal civil service commission. The petitioners were not made parties to that hearing, and, it was held, had no standing to contest the holding thereof. It was pointed out (190 Misc. 951) that if, as and when action by the State commission affected them they would have a remedy. The petitioners herein contend that their proceeding is properly brought because the intended action is against them directly; they are immediately affected and they stand to lose their appointments if the State commission proceeds and its intended action is not challenged. The basis of the petitioners’ challenge is that, since wrongdoing is not charged, the State commission is acting without warrant in law and in excess of its jurisdiction. The remedy sought is “a proper method of challenging in advance the jurisdiction of the Commission to proceed ” (Matter of Dobler v. Kaplan, 27 Misc 2d 15, 17 ; so, too, Matter of Pierne v. Valentine, 291 N. Y. 333, and Protnicki case, infra).
The foundation for the petitioners ’ point that the State commission is without jurisdiction is section 25 of the Civil Service Law. This is the very section which the State commission *1089 depends upon to sustain its action. But that section of the law did not become effective until April 1,1959, long after the examinations were held, the eligibility lists were established and appointments made. It is not retroactive in effect and cannot be used to deprive the petitioners of the rights they acquired long ago. (Matter of Protnicki v. New York State Dept. of Civ. Serv., 28 Misc 2d 1022.) The applications are granted.