Feed J. Mus-deb, J.
This is an article 78 (Civ. Prac. Act) proceeding, in the nature of prohibition, in which the petitioners seek to restrain the -respondents from rescinding the appointments of petitioners to positions they now hold in the Suffolk County Police Department. The county police department was created on January 1, 1960 and petitioners became members thereof by virtue of their occupancy of similar positions in the town and village police departments which were absorbed in the county police department. The answer, in substance, alleges that the respondents have conducted an investigation which revealed that the petitioners had been appointed to various positions in police departments in Suffolk County on examination ratings given them which were based on answer sheets which had been changed or wholly substituted by someone other than any of the petitioners. As a result the respondents have presumptively concluded “that the appointments referred to in the petition had not in fact been ‘ made according to merit and fitness ’ nor as a result of an examination competitive in nature ”. Pursuant to section 25 of the Civil Service Law they seek to rescind the petitioners’ appointments and they have served on the petitioners notice of such intention. The notice gives the petitioners the opportunity to present facts in opposition to such action.
The petition alleges that each of the petitioners took a written competitive examination and on dates from October, 1953 to November, 1958 appointments were made of them to various positions in town and village police departments. The answer denies knowledge or information suffieent to form a belief as *296 to these allegations except that prior to this proceeding the petitioners took written competitive examinations for certain positions. This denial of facts which are matters of public record, and more pointedly, were a part of the investigation report on which the respondents purport to base their action, may be ignored. There appears to be no factual question requiring a trial and neither party contends that there is one.
Section 25 of the Civil Service Law as it now reads was enacted by chapter 790 of the Laws of 1958. That enactment by its terms became effective on April 1,1959. Before that date the comparable provision of the Civil Service Law was subdivision 7 of section 11, which by section 11-a was made applicable to counties. Under that law the State Civil Service Commission could not rescind an individual appointment unless it had rescinded the entire examination and cancelled the eligible list and all appointments resulting from it. (See Memorandum of State Civil Service Department as quoted in 1958 Legis. Annual, p. 71 et seq.)
The petitioners here contend that section 25 may not be employed to destroy the rights they possess in their employment which rights had accrued prior to the effective date of the new statute. The respondents argue that section 25 has not disturbed substantive rights, that it is simply a procedural change and should be liberally and retroactively applied. It is certainly true in respect to procedural changes, not affecting any substantial right of a party or creating a new remedy, that a statute may be given retroactive effect. Section 25, however, is much more than a simple procedural statute. It affects the individual’s right in his employment which without question is a substantial right. It also creates the new remedy of individual rescission of appointment without rescission of the examination.
In this situation the rule to be applied is that ‘ ‘ the law favors a prospective interpretation of a statute wherever possible * * * it takes a clear expression of the legislatvie purpose to justify a retroactive application ”. (Garzo v. Maid of Mist Steamboat Co., 303 N. Y. 516, 522.)
I find no language in section 25 that justifies a retroactive application. Moreover the saving clause of the enactment, section 185 of the Civil Service Law, in its first subdivision, in preserving accrued rights, precludes any conclusion that it was the legislative purpose to give section 25 a retroactive effect.
Thus the respondents seek to invoke a remedy which, as to these petitioners whose rights accrued before the new statute, they may not pursue.
*297 The respondents, however, assert that the action proposed to be taken by them under section 25 is administrative and not judicial and consequently the remedy of prohibition is not available to the petitioners. They cite Kaney v. New York State Civ. Serv. Comm. (190 Misc. 944, affd. 273 App. Div. 1054, affd. 298 N. Y. 707). But in that case the petitioners were not parties to any proceeding instituted by the respondents. (See Judge Desmond’s comment in Matter of Ebling v. New York State Civ. Serv. Comm., 305 N. Y. 221, 228.) Here the petitioners are such parties as to whom, individually, determinations are to be made and here, as I have already concluded in my opinion on the motion to dismiss the petition, the determinations to be made by the respondents are quasi-judicial in character.
The notices sent to the petitioners do not charge them with participation in a fraud. They indicate that whatever wrong was committed was committed by someone other than the petitioners. Even now the respondents assert that the basis for their action is not false statements or fraud by the appointees but because the petitioners “ failed to pass the examination or to earn on merit the higher grade
In supporting their position they cite Palmer v. Board of Educ. (276 N. Y. 222, 226), quoting therefrom the principle that “ [a]n employment which in its inception violates the provision of the Constitution is illegal and against public policy, regardless of the good faith of the parties That case however dealt with a situation where no examination whatever was given or taken. The language of any decision should be read in the light of the facts and circumstances concerning which it was written. In our case examinations were had but someone other than the petitioners tampered with the answer sheets. With no charge of wrongdoing made against petitioners it is proposed that their appointments made as much as eight years ago are to be rescinded. There seems to me to be little justice in a situation that would take no account of the good faith of the examinees and appointees and that would make civil service so impermanent that no passage of time will limit the power of the Civil Service Commission to cancel an individual appointment, however innocent the appointee. This I do not perceive to be the law. Bather, for ‘ ‘ the integrity and permanence of municipal civil service and the rights of good-faith examinees and appointees ” (Matter of Ebling v. New York State Civ. Serv. Comm., 305 N. Y. 221, 226, supra), I believe that the petitioners ought not to be compelled to defend themselves against a threat of removal based on charges for which they are neither legally *298 nor morally responsible. It should not be necessary, as it was in the Kaney case, that they resort to a proceeding in the nature of mandamus if they are removed. If their removal would be improper it should not be permitted to occur.
Here I find the remedy of prohibition to be available and proper. (See 22 Carmody-Wait, New York Practice, p. 324, and the opinion of Mr. Justice Hughes in Matter of Protnieki v. New York State Dept, of Civ. Serv., 28 Misc 2d 1022.)
Other defenses raised have already been determined in the decision on the motion to dismiss the petition (27 Misc 2d 15). Submit order.