Van Voorhis, J. (concurring).
The question is whether the compromise of a cause of action by claimant against the president of the corporation for which he worked, for civil assault and battery, constituted a compromise of a third-party action so as to entail the adverse consequences of a compromise without the consent of the insurance carrier imposed by subdivision 5 of section 29 of the Workmen’s Compensation Law. An assault is held to be binding on an employer if, under some conceivable theory, it may be found to have been done, however ineptly, in furtherance of the business of the employer (Oneta v. Tocci Co., 271 App. Div. 681, affd. 297 N. Y. 629; Sauter v. New York Tribune, 305 N. Y. 442). The Workmen’s Compensation Board found that to have been the situation in this case. That would be sufficient to entitle claimant to workmen’s compensation against the corporate employer. The right to compensation has been held not to be the exclusive remedy of an employee under subdivision 6 of section 29, when such employee is injured by the intentional wrong of another in the same employ (Mazarredo v. Levine, 190 Misc. 951, affd. 274 App. Div. 122). Claimant may have had a cause of action against this corporate officer individually, which was settled by the giving of a release to him personally, but the cause of action against him would not be the kind of third-party action comprised by section 29 of the Workmen’s Compensation Law which covers only causes of action arising from ‘ ‘ the negligence or wrong of another not in the same employ ’ ’. For the purposes of section 29, claimant and the man who assaulted him were both in the *880 employ of this corporation. Therefore, the cause of action against him personally was not covered by section 29 of the Workmen’s Compensation Law, and the adverse' consequences to the claimant of a compromise without the consent of the insurance carrier prescribed by subdivision 5 would not follow. Insofar as the release given by claimant purported to waive his right to workmen’s compensation against the corporate employer, it was void under section 32 of the Workmen’s Compensation Law.
For these reasons I concur for reversal in the memorandum of decision of the court.
Chief Judge Desmond and Judges Dye, Fuld, Burke, Scileppi and Bergan concur in Memorandum ; Judge Van Voorhis concurs in a separate opinion.
Order of Appellate Division reversed and award of the Workmen’s Compensation Board reinstated, with costs to the board in this court and in the Appellate Division.