Harold R. Soden, J.
The petitioner, Potsdam Central School District No. 2 (hereinafter Employer) moves pursuant to article 78 of the CPLR for relief in the nature of an order of prohibition barring the respondent, Public Employment Relations Board (hereinafter Board), from entertaining, considering and thereafter ruling on the petition of the respondent, Local No. 687, dated November 9, 1967 (as amd. Dec. 1, 1967) for certification by the Board as the representative of certain public employees of the petitioner under the provisions of article 14 of the Civil Service Law (also known as the Taylor Act).
A brief history of the events leading up to this present action will assist in pointing out the rationale of this court’s decision. On September 1, 1967, chapter 392 of the Laws of 1967, the Taylor Act, became effective. This act provided, among other things, employees of public entities (as defined in subdivision 7 of section 201 of the Civil Service Law) the opportunity to organize as a body and be thereafter represented by an 11 employee organization” (as defined in subdivision 6 of section 201 of the Civil Service Law) in regard to their employment with their public employer.
On September 12, 1967, the respondent, Local 687, an affiliate of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America (commonly known as the Teamsters), wrote the petitioner requesting that it be designated by the employer as the employee organization representing a certain class of its employees characterized by the *607 Local as the “ Transportation Department ”. This request was made after certain of these employees had requested Local 687 to proceed to act as their representative. No immediate action of this request was taken until October 30, 1967 when the public employer met with all of its employees and discussed the formation of appropriate negotiating units under the provisions of section 207 of the Civil Service Law. On November 9, 1967, Local 687 filed a petition for certification with the Board demanding that it designate Local 687 as the employee organization representing the so-called Transportation Department employees because of the public employers’ allegedly illegal and arbitrary refusal to recognize Local 687 as such following its September 12 request.
Pursuant to statutory authority (Civil Service Law, § 205, subd. [a]) the Board promulgated its official rules and regulations making them effective as of November 1, 1967 (4 NYCRR 200.1 et seq.) and, on December 1, 1967, Local 687 amended its November 9 petition to the Board to comply with the pertinent regulations concerning the form of a petition to the Board.
On November 13, 1967, the public employer discussed the procedures to be followed in regard to the Taylor Law and decided that it would adopt appropriate procedural by-laws at a later date. On December 4, 1967, it resolved (Resolution No. 77) to establish pursuant to subdivision 1 of section 207 of the Civil Service Law two negotiating units from among all its employees: an “ Instructional Negotiating Unit ” and a “ Service Negotiating Unit ”. The employees, constituting the so-called Transportation Department as mentioned above, were included within the afore-mentioned “ Service Negotiating Unit”. This decision by the public employer in effect constituted a rejection of the September 12 demand of certain of its employees and their chosen representative that there t be established a Transportation Department negotiating unit and, on December 11, 1967, the employer notified Local 687 of their decision.
On December 13, 1967, the public employer amended Resolution No. 77 by Resolution No. 92. The purposes and effect of this amendment are not germane to the decision of the instant motion and need not be further discussed. However, at this same meeting, on December 13, 1967, the public employer adopted, by Resolution No. 93, “Bylaws In Respect of Procedures Under Article 14 of the Civil Service Law”. It is to be noted that these by-laws of procedure were the first official procedures adopted by the public employer in respect to its procedures under the Taylor Act.
*608 On February 9, 1968, the Board noticed the petition of Local 687 for a hearing to be held on February 28, 1968. On February 26, 1968, the public employer ‘ ‘ recognized ’ ’ the Civil Service Employees Association of St. Lawrence County as the employee organization representative of the “ Service Negotiating Unit ’ ’. On February 28, 1968, the hearing before the Board on Local 687’s petition commenced, and the employer made certain motions concerning the jurisdictional power of the Board to entertain Local 687’s petition and moved for its dismissal. The Board’s Hearing Referee reserved decision on all motions, and the hearing was subsequently adjourned to a later date. On March 5, 1968, this court granted a temporary order restraining the Board from conducting further hearings and ordered the respondents named above to show cause before the court why Local 687’s petition should not be dismissed on the merits and the Board permanently enjoined from conducting further hearings pursuant thereto. At the March 29 Essex County Special Term of Supreme Court, oral arguments were made by all parties, and memorandums of law submitted to the court. The New York State Teachers Association was also granted permission to file a brief amicus curiæ.
The present action raises three grounds attacking the jurisdiction of the Board to entertain Local 687’s petition:
(1) The Board lacks jurisdiction to entertain the petition of Local 687 as it was filed prematurely under the Board’s own Rules of Procedure- (4 NYCRR 201.3 [a] and/or 202.3 [a]);
(2) The Board lacks jurisdiction under the Civil Service Law (§ 206, subd. 1 and § 205, subd. 5, par. [c]) to entertain the petition of Local 687 for certification as an employee organization representative of a certain group of employees of the public employer wh.en the public employer has established procedures not inconsistent with section 207 of the Civil Service Law:
(3) The Board lacks jurisdiction to entertain the petition of Local 687, as Local 687 is not a qualified “ employee organization ’ ’ within the meaning of article 14 of the Civil Service Law.
It is to be first noted that the remedy of prohibition is never issued as a matter of right but only in the sound discretion of the court when there is no other remedy. Such extraordinary relief is not favored by the courts; it is not given for the correction of error but only to prevent usurpation of jurisdiction or the exercise of power in an illegal manner or beyond the jurisdiction conferred. It will be granted only in cases of extreme emergency or necessity when the grievance cannot be *609 redressed by any of the available proceedings at law, in equity, or by appeal (Matter of City of New York v. Maltbie, 248 App. Div. 36, affd. 274 N. Y. 464; Matter of Lyons v. Goldstein, 290 N. Y. 19 ).
In reviewing the merits of the employer’s first jurisdictional attack, the court is constrained to hold that the alleged defects concerning premature filing are not jurisdictional defects and constitute mere errors not correctable by the extraordinary remedy of prohibition. It is to be noted that section 301.3 (a) of the Board’s Rules of Procedure states in pertinent part that “A petition for certification may be filed forty-five days after a public employer has been asked to recognize an employee organization” and section 202.3 (a) that “A petition for review may be filed within thirty days ” (emphasis supplied). While there is no question that Local 687’s petition, filed November 9, 1967 (as amd. Dec. 1, 1967), was premature, the court views the above-cited Rules of Procedure as permissive only, under the present circumstances (ef. McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 177). In this regard it is interesting to note that the above-stated time limitations did not become effective until November 1, 1967 while the Taylor Act legislation became law on September 1, 1967. This fact the court views as an indicia that the Rules of Procedure in these respects are permissive.
Having decided above that the petition of Local 687 was not jurisdictionally defective insofar as its being filed prematurely, the court is faced with the task of applying the pertinent law to the available facts in deciding the merits of petitioner’s second jurisdictional attack. It is clear that the petition of Local 687, filed November 9, 1967 (as amd. Dec. 1, 1967), was filed prior to the public employers’ adoption of rules of procedure pursuant to section 206 of the Civil Service Law. The employer’s rules of procedure were adopted on December 13, 1967 (Resolution No. 93) and in fact were adopted following both of the employer’s determinations on the issue of selection of appropriate negotiating units (see Resolution No. 77, dated December 4, 1967 and Resolution No. 92, dated December 13, 1967). It appears therefore that the dispute concerning the representation status of Local 687 was in issue before the Board prior to the adoption of procedures consistent with section 207 of the Civil Service Law and therefore, pursuant to subdivision 2 of section 206 and paragraphs (a) and (c) of subdivision 5 of section 205, disputes concerning representation status “ shall be submitted to the board ” (Civil Service Law, § 206, subd. 2; emphasis supplied). The respondent Board therefore *610 has proper jurisdiction pursuant to law and in such cases prohibition does not lie.
Having found that the Board possesses sufficient jurisdiction to entertain Local 687’s petition, the court must examine the merits of the third issue raised by the employer concerning the standing of Local 687 to bring on such a petition. As previously noted, the Board’s jurisdiction in this particular case arises solely because of the time differential between the employer’s selection of negotiating units and its adoption of applicable procedural by-laws pursuant to section 207 of the Civil Service Law. As a result, the court views the initial determination as to Local 687’s standing pursuant to the provisions of subdivision 6 of section 201 of the Civil Service Law falls within the scope of the Board’s fact finding and administrative decision making authority under paragraph (e) of subdivision 5 of section 205. Adequate avenues for judicial review are available following such decision (§ 210, subd. 4).
Concerning the petitioner’s authority to continue with negotiations with the Civil Service Employees Association, the recognized employees’ organization of the Service Negotiating Unit, during the Board proceedings upon Local 687 ’s petition, the court views the recent case of Matter of Civil Service Employees Assn. v. Helsby (21 N Y 2d 541) as controlling and further discussion on this point is not necessary at this time.
For the reasons stated above, the petition in all respects is denied and the temporary injunction vacated, without costs.