Harold E. Koreman, J.
This application is brought by petitioner pursuant to article 78 of the CPLR, seeking an order in the nature of prohibition restraining respondent Public Employment Relations Board (hereinafter called the Board) from prosecuting charges against petitioner brought pursuant to section 210 of the Civil Service Law and part 206 of the Rules *1067 of Procedure of the Board. The charges were filed in connection with a strike alleged to have occurred in the respondent Huntington School District. The petition also seeks an order vacating and dismissing said charges.
It appears that petitioner has a State-wide membership of teachers, including some who are also members of the Associated Teachers of Huntington, Inc., the certified representative of teachers employed by respondent Huntington School District. It is alleged that following negotiations, mediation and fact finding pursuant to the Public Employees’ Fair Employment Act, (Civil Service Law, art. 14), the employer Board of Education of the Huntington School District refused to follow the recommendation made, and a work stoppage or withdrawal of services or strike by teachers affiliated with the Associated Teachers of Huntington allegedly took place. The charges filed by the Board against petitioner are based on alleged acts committed by petitioner after the work stoppage or strike commenced, which the Board claims were in violation of the prohibitions contained in subdivision 1 of section 210 of the Civil Service Law in causing, instigating, encouraging and condoning the alleged strike. The dispute between Associated Teachers of Huntington and the Board of Education was settled and resulted in a contract between them. Petitioner is not a party to that contract; however it provides that the Board of Education is required to make payroll deductions for dues for the benefit of petitioner from any teacher so requesting.
The substance of petitioner’s position is that since it is not the recognized or certified representative of the public employees in question and the Board could not, therefore, impose the penalty provided for in section 210 (subd. 3, par. [a]) of the Civil Service Law for any violations of subdivision 1 of section 210, then the Board is without jurisdiction to file charges or institute any proceedings against petitioner under section 210. Petitioner contends that, in view of the fact that no effective legal punishment can be imposed upon it, there is no reason to require it to defend itself in a proceeding which cannot result in any meaningful disposition of the charges under the statute. In support of its position petitioner points out that the penalty provided for a violation of subdivision 1 of section 210 is the loss of the rights granted pursuant to subdivision (b) of section 208, namely the right to membership dues deduction granted only to a certified or recognized public employee organization, which concededly petitioner is not. It is noted that the statute (Civil Service Law, § 208) is silent concerning the right to dues checkoff on behalf of an employee *1068 organization that is not certified as representing a majority of employees. Petitioner derives this right from the contract entered into by the Associated Teachers of Huntington and the Board of Education of the Huntington School District.
The issue to be determined is whether, under the facts set forth, petitioner is entitled to an order prohibiting the respondent Board from instituting proceedings against it for alleged violations of the prohibitions contained in subdivision 1 of section 210 of the Civil Service Law. It would be appropriate to point out here that the extraordinary and little-favored remedy of prohibition is justified only in cases of extreme necessity when there is no other remedy available to redress the grievance. It is granted only to prevent usurpation of jurisdiction or the exercise of power in an illegal manner or beyond the jurisdiction conferred. (Matter of Protnicki v. New York State Dept. of Civ. Serv., 18 A D 2d 859 [3d Dept.]; Matter of Kaney v. New York State Civ. Serv. Comm., 190 Misc. 944, affd. 273 App. Div. 1054, affd. 298 N. Y. 707; Matter of City of New York v. Maltbie, 248 App. Div. 36, affd. 274 N. Y. 464; Matter of Lyons v. Goldstein, 290 N. Y. 19; Matter of Potsdam Cent. School Dist. No. 2 v. Frank, 56 Misc 2d 605.)
The New York State Legislature, by chapter 392 of the Laws of 1967, adopted a Public Employees’ Fair Employment Law which is commonly known as the Taylor Act.
In his message in signing the legislation, the Governor summarized the purpose of the Public Employees’ Fair Employment Act as follows: “In summary, the Public Employees’ Fair Employment Act: — repeals the Condon-Wadlin Law; — provides for the first time a charter of basic rights for public employees that have been previously unrecognized by the law; — prohibits strikes by public employees; — provides for workable, realistic collective negotiation procedures through which public employees can advance their objectives in the terms and conditions of their employment; — departs from the inflexible, automatic — and largely impractical — strike penalties of the Condon-Wadlin Law aimed primarily against the individual public employee, such as automatic dismissal from his job and severe penalties upon his reinstatement; — shifts the responsibility for the consequences of violating the law to employee organizations rather than to the individual employee; — permits the assessment of reasonable penalties, after court hearings to determine culpability, against employee organizations whose actions disrupt or impair essential government services;— permits great flexibility to the various sectors of public employment in devising local solutions to matters of *1069 employee representation and collective negotiations; — establishes a State Public Employment Relations Board to insure the fairness and equitability of these matters.”
The Governor pointed out that the primary impact of the legislation will be to impose upon the public employer, the public employee and the employee organization a joint responsibility for solving employment relations without injury to the public interest.
An ‘ ‘ employee organization ’ ’ is defined in subdivision 6 of section 201 as an organization of any kind having as its primary purpose the improvement of terms and conditions of employment of public employees with certain exceptions not applicable here. It cannot be said that petitioner does not fall within this definition. The prohibition against striking and against causing, instigating, encouraging or condoning a strike is directed against such an employee organization under subdivision 1 of section 210, and the requirement on the part of the Board to institute proceedings against such employee organization is set forth in section 210 (subd. 3, par. [c]). Article 14 also provides for procedures to be followed by an employee organization to obtain representation status and to be certified as the negotiating unit among public employees (Civil Service Law, §§ 206, 207), and grants certain rights to a certified or recognized employee organization (Civil Service Law, § 208). The language of the law as enacted (Taylor Act) makes clear that petitioner is subject to the jurisdiction conferred upon respondent Board in the area where the actions on the part of petitioner are alleged to have disrupted or impaired essential public service. If it be held that the Board is powerless to institute the proceedings against petitioner simply because it is not a certified public employee organization, then the function of the Board, insofar as it was set up to enforce the prohibitions of section 210, would be frustrated and the design of the statute undermined. It would permit any employee organization to violate the statute with impunity by the simple device of not seeking certified status. Should petitioner feel aggrieved by the eventual determination of the Board, adequate avenues for judicial review are available following such decision (§ 210, subd. 4). Therefore, since respondent Board has proper jurisdiction pursuant to law, and other proceedings are available to petitioner by which any grievance it may have following the hearings may be redressed, prohibition does not lie.
Accordingly, the relief sought in the petition is in all respects denied.